# CASES

IN

# Law and Equity

IN THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK.

---

### R. F. H. *vs.* S. H.

In an action by a husband against his wife, for a divorce on the ground of adultery, the defendant cannot set up, by way of counter-claim, the adultery of the plaintiff, so as to entitle her to a judgment of divorce against him if the charge is proved. JOHNSON, J. dissented.

ACTION by a husband, against his wife, for a divorce on the ground of adultery. The defendant answered, denying the allegations in the complaint and alleging adultery by the plaintiff, as a defense, and also as a counter-claim, she demanding a judgment of divorce against him. Issues for trial having been ordered, the defendant, on the settlement thereof, proposed certain interrogatories which were pertinent only in case she was entitled to the affirmative relief demanded in her answer. Those interrogatories were struck out, on motion at special term, and from that order the defendant appealed.

R. F. H. *v.* S. H.

*Mr. Noyes,* for the appellant.

*Mr. Hastings,* for the respondent.

JAMES C. SMITH, J.   The question presented by this appeal is whether the alleged adultery of the plaintiff constitutes a *counter-claim* within the meaning of section 150 of the code.

The counter-claim mentioned in that section, must, among other requisites which it is not material to consider, " arise out of one of the following causes of action : (1.) A cause of action arising out of the *contract* or *transaction* set forth in the complaint as the foundation of the plaintiff's claim, or *connected with the subject* of the action : (2.) In an action arising *on contract*, any other cause of action arising also on contract, and existing at the commencement of the action."

I understand the words " action on contract" and " action arising out of contract" here employed to be synonymous with each other, and also with the familiar term " action *ex contractu*," which, under the system before the code, included only " personal actions for the recovery of a debt or damages for the breach of a contract." (1 *Ch. Pl.* 109.) The claim in question obviously is not within that class of actions, as it is not for the recovery of "a debt or damages," nor for the enforcement of a contract, but on the contrary the object sought by the action is to annul the marriage contract set up in the complaint and absolve the plaintiff wholly, and the defendant partially, from its obligations.   " A suit for divorce, even where alimony is sought, is not an action *upon the contract* of marriage.   It is a proceeding *sui generis*, founded upon the violation of duties which the law enjoins, and therefore resembling more an action of tort than of contract." (*Bishop on Marriage and Divorce, p.* 300, § 38.)

The alleged counter-claim then does not arise out of con-

tract. Does it arise out of "the transaction" set forth in the complaint as the foundation of the plaintiff's claim? Manifestly not; for that transaction is the alleged adultery of the defendant.

It only remains to consider whether it arises out of a cause of action "connected with the subject of the action." It is perhaps somewhat difficult to apply these words of the code to the case in hand. It may be said that "the subject" of this action is the alleged wrongful act of the defendant; and I am inclined to think this is the true view of the matter. The alleged adultery of the defendant is certainly the *gist* of the plaintiff's case. If it be regarded as the subject of the action, the alleged adultery of the plaintiff, not being connected with it, is not a counter-claim.

But it is insisted by the appellant that the subject of the action is the *marriage contract,* and as the alleged adultery of the plaintiff is a breach thereof, it is connected with the subject matter of the action, within the meaning of the code. Aside from the fact above adverted to, that the action is not *upon* the contract, or of the class *ex contractu,* it seems to me that this position involves consequences which the legislature did not intend, and which forbid the construction contended for by the appellant. If the alleged adultery of the plaintiff is a counter-claim because it is a breach of the marriage contract, then the defendant may set up in this action every other violation of that contract, of which the plaintiff has been guilty, and which would give her a right of action against him. Thus, cruel treatment or desertion, which, as well as adultery, are breaches of the contract between the parties, might be set up as a counter-claim, either separately, or in connection with adultery, although the former are not *defenses* in actions of this description, and although, (as this court has held recently, affirming former decisions,) a wife, as plaintiff, cannot unite in one action a claim for divorce on the ground of adultery with a claim for separation on the ground of cruel treatment. Indeed, if the contract were the

subject of the action, it is clear that the defendant ought to be allowed to set up every breach of it by the plaintiff, as a *defense;* but the only breach of which she can thus avail herself under our statute is his adultery, and this is permitted, not upon the ground that the plaintiff has himself violated a contract which he seeks to enforce, but for the reason that it is not the policy of our law to grant a divorce where both parties are adulterers, as they are, in that case, suitable and proper companions for each other. (*Wood* v. *Wood,* 2 *Paige,* 108, 111.)

The appellant is mistaken in supposing that he is aided by section 274 of the code. (*Subd.* 2.) That section merely authorizes a judgment granting to the defendant in an action any affirmative relief to which he may be *entitled,* keeping in view, of course, the provisions of section 150 as to what constitutes a counter-claim.

It is quite probable that the established practice in actions of this description might be improved by allowing the adultery of the plaintiff to be set up as a counter-claim, but considerations of that nature are foreign to the question before us. We are to declare the law, not to make it.

The decision of the superior court of the city of New York in the case of *J. W. B.* v. *F. D. B.*, (11 *N. Y. Legal Obs.* 350,) although entitled to great respect, on account of the learning and ability of the judges, whose views it declares, is, nevertheless, not binding upon us, and I am unable to assent to it, for the reasons above stated.

I think the order of the special term should be affirmed.

WELLES, J. concurred.

JOHNSON, J. (dissenting.) The question involved in this appeal is, whether the defendant in the action may recriminate, not only for the purpose of defeating the plaintiff's right of action, against her, but also, by way of counter-claim, for the purpose of obtaining affirmative relief, of the same

character, with that prayed for in the complaint, in her favor against the plaintiff. I denied the motion at special term, on the ground that this was not such a counter-claim within the meaning of the code as would entitle her, in any event, to affirmative relief against the plaintiff. Upon a careful review of the grounds of that decision I am entirely satisfied that it was erroneous and that the motion should have been granted. The action is brought to procure a decree of divorce and to have the marriage between the parties dissolved. The cause or ground of the action is the alleged breach, by the defendant, of the covenant of marriage, by which the relation was established, by the commission of the acts of adultery charged in the complaint. Marriage, by our law, is a civil contract, and the marital relation created thereby, is founded in contract only. When the contract is consummated, and the marriage relation thereby established, the act of adultery by either party is such a breach and violation of the contract, and of the relation, as to nullify and dissolve both, at the election of the innocent and injured party. And this is the only remedy which the law gives to either party, against the other, for such a violation. The cause of the action is the breach of the marriage covenant. The mere act of adultery is not the cause of the action. Such act is of no consequence, in the view, and for the purposes of the action, except as it affects the contract, and the relation of the parties. It is the breach of the contract, and of the relation, caused by the act, and not the mere act itself, which constitutes the cause of action. If there were no breach, there could be no such cause of action. It is the breach, therefore, which constitutes the cause of action, and not the mere act which occasions the breach. Bacon, J. in *McIntosh* v. *McIntosh,* (12 *How. Pr. Rep.* 290,) says of the action that " it is founded on an alleged breach of the marriage contract, and seeks an absolution from its engagement, by the aggrieved party."

This is clearly shown by the defense which the defendant was always, in actions of this kind, allowed to set up in bar

of the action by way of recrimination, and proof of a correspondent infidelity to the marriage vow on the part of the plaintiff. The recriminatory charge was required to be of the same character with that alleged in the complaint, and when proved defeated the action " on the principle that a man cannot be permitted to complain of the breach of a contract which he has first violated." (2 *Kent's Com.* 100.) Such a principle was never applied to an action founded upon a mere tortious injury. In this respect it is like any other contract which has been violated by one of the parties to it, the breach constituting the cause of action, the remedy only being somewhat different. That the general subject of the action is the marriage, and the marriage relation, can scarcely be denied. The entire action, both in respect to its ground or cause, and the remedy sought, relates to the covenant and marriage relation alone. This being so, I do not see why the adultery charged by the defendant, upon the plaintiff, in her answer, does not fulfill, strictly and technically, every requirement of the code, to constitute a counter-claim, and entitle a defendant to affirmative relief. It exists in favor of the defendant, against the plaintiff. It is a cause of action, arising out of the contract set forth in the complaint, as the foundation of the plaintiff's claim, and is connected with the subject of the action. The plaintiff's alleged cause of action arises out of a breach of the marriage contract, and the defendant's counter-claim arises out of a like breach on his part, of the same contract. In an action brought upon the alleged breach of any other contract, there can be no question that the defendant may deny the alleged breach, and set up by way of answer, a counter-claim against the plaintiff, a breach on his part of the same contract, and claim such relief as the law gives for the breach complained of. It is difficult to see why the same rule, precisely, does not apply in an action of this description. The law always allowed a defendant, in an action of this kind, to put in a counter-claim like this, as a shield, and to defeat the plaintiff's action. The same evidence could always be

given that will be given now if affirmative relief is allowed to the defendant. Allowing the defendant to have affirmative relief, when the evidence is all out, avoids a multiplicity of actions, which was always regarded with favor by a court of equity, and is strongly recommended by considerations of convenience and the speedy determination of litigation between the parties. If it comes fairly within the counter-claim allowed by the code, it would be not only idle, but exceedingly vexatious, to compel the defendant to bring a new action, and go over again with the same evidence, to obtain the relief, which the court might just as well give in the existing action. It was, upon full and careful consideration, held to be a counter-claim, within the purview of the code, by the superior court of the city of New York, in the case of *J. W. B.* v. *F. D. B.*, (11 *N. Y. Legal Obs.* 350.) I think that decision was correct.

It is admitted that if the action was founded upon the wrongful act merely, and sounded only in tort, like assault and battery or actions of *crim. con.* against a third party, it would not constitute a counter-claim, as it would in such case only be another tort. But the action does not sound in tort; its foundation is the breach of a marriage covenant, and its only object is to obtain a decree dissolving the covenant and the relation thereby created. I am of the opinion, therefore, that the order appealed from should be reversed, and the motion granted.

Order affirmed.

[Monroe General Term, December 1, 1862. *Johnson, James C. Smith* and *Welles,* Justices.]