## FREDERIC N. BLANC, APPELLANT, *v.* ELIZABETH L. BLANC, RESPONDENT.

*Divorce — counter-claim — supplemental answer.*

The court has power, under the Code of Civil Procedure (§§ 544, 1770),. to permit the defendant, in an action of divorce for adultery, to plead as a counter-claim, as well as a defense, by supplemental answer, acts of adultery committed by the plaintiff since the action was begun.

*Semble*, that the fact that both parties to an action of divorce, in which there are counter-charges of adultery, have noticed the action for trial at a Special Term, does not deprive the court of power to permit a supplemental answer to be served.

APPEAL by the plaintiff, Frederic N. Blanc, from an order, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 1st day of December, 1892, granting a motion of the defendant for leave to serve a supplemental answer.

This action, for a divorce on the ground of adultery, was begun May 3, 1892, by the service of a summons and complaint. June twenty-seventh an amended complaint was served which was answered July 23, 1892, three defenses being interposed. (1.) A general denial. (2.) Condonation. (3.) Adulteries on the part of plaintiff, which were set up as a defense and as a counter-claim, affirmative relief being demanded. July twenty-ninth, issue was joined by the service of a reply in which the allegations of adultery in the answer were denied. In October both parties noticed the cause for trial at a Special Term, and it was placed on the calendar. November sixteenth, the defendant moved for an order permitting her to plead, by a supplemental answer, as a defense and as a counter-claim, adulteries alleged to have been committed by the plaintiff since this action was begun, with women other than those mentioned in the original answer.

*A. J. Dittenhoefer*, for the appellant.

*William P. Burr*, for the respondent.

FOLLETT, J.:

Before the Codes, material facts occurring after issue joined could be interposed by way of defense — mere matter of resistance to the

plaintiff's cause of action — in an action at law, by a plea *puis darien continuance* (Grah. Pr., 296), or in a suit in equity by a supplemental answer, or by a cross bill.' (2 Barb. Ch. Pr., 256; Story's Eq. Pldg., § 903.)

Section 544 of the Code of Civil Procedure provides that the court may permit a party "to make a supplemental complaint, answer or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made." The power of the court to permit the defendant to plead as a defense acts of adultery committed by the plaintiff since the action was begun cannot be doubted. Can such acts be pleaded as a counter-claim? It will be observed that the section of the Code above referred to, does not limit the use of facts interposed by a supplemental answer to the establishment of a defense to the plaintiff's alleged cause of action.

In an action for a divorce the defendant may plead the adultery of the plaintiff as a defense and as a counter-claim, and if proved, the defendant being innocent, a divorce may be denied the former and granted the latter. (Code Civ. Pro., § 1770.) The right being given to the defendant to plead and prove the adultery of the plaintiff, though committed subsequent to the commencement of the action, it is difficult to see any good reason for denying the defendant affirmative relief. · The defendant having been found innocent and the plaintiff guilty of the matrimonial offense, why should the judicially-established facts be available only as a defense, when, by granting complete relief, justice is done in one action and the delay, expense and scandal of a second suit avoided. Public policy, the interests of society and of the litigants alike demand that the rights of the parties should be determined in a single action, unless by so doing some statute or rule of procedure settled by reported cases is violated. No statute has been cited nor have we been able to find one which prohibits the granting of such relief. The precise question involved in the case at bar could not have arisen in this State before the Code of 1848, because our Court of Chancery never assumed the power to grant the innocent defendant a divorce for the adultery of the plaintiff, no matter whether it was committed before or after suit brought. Such relief was only attainable by an

original or by a cross-bill. In *Milner* v. *Milner* (2 Edw. Ch., 114) the application of the plaintiff for leave to file a supplemental bill alleging acts of adultery by the defendant, after the filing of the original bill, was denied. This case was followed in *Morange* v. *Morange* (2 N. Y. Mo. Bull., 30).

In *Smith* v. *Smith* (4 Paige, 432) it was held that in case a plaintiff committed adultery after suit brought for a divorce leave should be granted the defendant to set up the fact, as a defense, by a supplemental answer or by a cross-bill. This case was followed in *Strong* v. *Strong* (3 Robt. 669; S. C., 28 How. Pr., 432). When the last case was decided it was a disputed question whether, under the old Code, affirmative relief could be granted in such an action to a defendant. (*J. W. B.* v. *F. D. B.*, 11 N. Y. Leg. Obs., 350; Anon., 17 Abb., 48; *Leslie* v. *Leslie*, 11 Abb. [N. S.], 311; *Fullmer* v. *Fullmer*, 6 N. Y. W. Dig., 22–42; *R. F. H.* v. *S. H.*, 40 Barb., 9), and the report of the case does not show whether the fact was allowed as a counterclaim as well as a defense. In *Cornwall* v. *Cornwall* (30 Hun, 573), which was an action for a limited divorce, the plaintiff was granted leave to file a supplemental complaint alleging acts of cruelty committed after the commencement of the action, but it was intimated that the subsequent acts were proper in characterization of the earlier acts. This case is in harmony with the decisions in some of the States, which hold that acts of adultery committed after suit brought by the defendant with the person charged in the original pleading as a *particeps criminis* may be pleaded and proved for the purpose of characterizing their previous relations. (Browne Div., 58; see, also, *Borham* v. *Borham*, L. R., 2 P. & D., 193.) The question now before the court was not decided in any of the cases cited nor were the questions discussed in them nearly related to the point involved in the case at bar, but they are the only decisions found in the reports of this State which throw light on this controversy, and there being no statute or decision in the way, we are of the opinion that under the Code of Civil Procedure adulteries committed by a plaintiff after suit brought may be pleaded by leave of the court, both as a counter-claim and as a defense.

The Ecclesiastical Courts of England gave affirmative relief to defendants (2 Bish. M. D. & S. S., 559), and when acts of adultery were committed by either party, subsequent to the commencement

of the action, they could be alleged by a supplemental libel or answer, and, if proved, were given the same force as though alleged in the original pleading. (*Barrett* v. *Barrett*, 1 Hag. Ec., 22; *Webb* v. *Webb*, Id., 349; *Middleton* v. *Middleton*, 2 Hag. Ec. Supp., 134, *Brisco* v. *Brisco*, 2 Add. Ec., 259.)

In New Hampshire, a supplemental complaint may be filed alleging acts of adultery committed after suit brought, which, if established, are a ground for a divorce. (*Adam* v. *Adam*, 20 N. H., 299.) In Kentucky grounds for a *divorce a mensa et thora* and for alimony, not existing when the original bill was filed, may be alleged in a supplemental bill, and, if proved, will support a decree. (*Butler* v. *Butler*, 4 Littell, 202; *Logan* v. *Logan*, 2 B. Mon., 142–148; *McCrocklin* v. *McCrocklin*, Id., 370.)

Without attempting to reconcile *Wheelock* v. *Lee* (74 N. Y., 495), and *Mackellar* v. *Rogers* (109 id., 468), or to distinguish them from the case at bar, we think that the fact that both parties noticed the action for trial at a Special Term did not deprive the court of power to permit a supplemental answer to be served. All of the issues involved in the action, including those joined by the original and supplemental pleadings, must be tried before a jury unless both parties waive such a trial. Part of the issues should not be tried before the court without a jury and the remainder before the court with a jury. There is nothing in the record which would justify this court in holding contrary to the decision of the Special Term that the motion was not made in bad faith and for the purpose of delay. When the order was granted the case had been pending but six months, and it does not appear that the defendant was negligent in not moving at an earlier date.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.