(5 Misc. Rep. 416.)

## HALSTED v. HALSTED.

(Common Pleas of New York City and County, Special Term. November, 1893.)

DIVORCE—PLEADING—SUPPLEMENTAL COMPLAINT.
   A supplemental complaint, alleging additional acts of adultery by defendant since the commencement of the action, cannot be filed. Blanc v. Blanc, 22 N. Y. Supp. 264, contra.

Action by Charles S. Halsted against Sarah B. Halsted for divorce on the ground of adultery. Plaintiff moves for leave to serve a supplemental complaint charging defendant with additional acts of adultery with the co-respondent named in the complaint since the commencement of the action. Denied.

George W. Carr, for plaintiff.
Edward B. Merrill, for defendant.

GIEGERICH, J. The plaintiff applies for leave to serve a supplemental complaint charging the defendant with the commission

of additional acts of adultery with the co-respondent named in the complaint since the commencement of the action.    While a complete determination of the rights of the parties in one action is desirable, I fail to see how the application can be granted without disregarding the rule, as laid down by the adjudications, that a new, substantive cause of action, upon which a judgment can be had without connecting it with the original complaint, cannot be set up by supplemental complaint.    Milner v. Milner, 2 Edw. Ch. 114;  Morange v. Morange, 2 N. Y. Law Bul. 30;  Day v. Day,[1] (McAdam, J.)    The contention of plaintiff's counsel, that this rule is questioned in Blanc v. Blanc, 67 Hun, 384, 22 N. Y. Supp. 264, is not borne out by the decision in that case.    On the contrary, the cases of Milner v. Milner, 2 Edw. Ch. 114, and Morange v. Morange, 2 N. Y. Law Bul. 30, are cited as laying down the rule above cited, and the correctness of the same is not thereby challenged.    The action referred to was for a divorce on the ground of the adultery of the defendant.    The answer alleged adulteries on the part of the plaintiff, which were set up as a defense and as a counterclaim, affirmative relief being demanded.    The defendant applied for and obtained an order permitting her to plead adulteries alleged to have been committed by the plaintiff since the action was begun, with women other than those mentioned in the original answer, which was affirmed upon appeal to the general term.    The distinction between the case of Blanc v. Blanc, 67 Hun, 384, 22 N. Y. Supp. 264, and a case like the one before me, is pointed out by Judge McAdam in Day v. Day, supra, in the following language: "A plaintiff may discontinue, and sue over again, while a defendant cannot."    In recognition of the existing rule in this state, the motion must be denied, but without costs.    Motion denied.

[1] In Day v. Day, superior court of New York city, McAdam, J., filed the following memorandum of decision, September 7, 1893: "The action is for divorce on the ground of adultery, and application is now made, under section 544 of the Code, for leave to serve a supplemental complaint charging adulteries with one Warner since the commencement of the action. As there can be but one divorce, and the new matter is consistent with and in aid of that relief, the English practice of allowing adulteries committed subsequent to suit brought to be alleged in a supplemental bill with the like force as if alleged in the original (see cases cited in Blanc v. Blanc, 67 Hun, at page 387, 22 N. Y. Supp. 264) would be followed, but for the decisions in Milner v. Milner, 2 Edw. Ch. 114, and Morange v. Morange, 2 N. Y. Law Bul. 30, establishing a different rule of practice in this state. The case of Blanc v. Blanc, 67 Hun, 384, 22 N. Y. Supp. 264, holds that a defendant sued for divorce may, by supplemental answer, plead, by way of counterclaim, acts of adultery committed by the plaintiff after suit brought, and have affirmative relief therefor. There is a distinction, perhaps, between that case and this, i. e. a plaintiff may discontinue, and sue over again, while a defendant cannot. The proofs furnished as to the new matter sought to be pleaded make out a case wherein the defendant was found in flagrante delicto with Warner, and a discontinuance may be required to make this admissible at the trial. Under the decisions cited the present application must be denied, but without costs."