(8 Misc. Rep. 97;  31 Abb. N. C. 257.)

### NEIBERG v. NEIBERG.

(Superior Court of New York City, Special Term.    April, 1894.)

DIVORCE—SUPPLEMENTAL COMPLAINT.
>    Acts of adultery committed since the commencement of the action cannot be set up in a supplemental complaint.

Action by Nettie Neiberg against Louis Neiberg for divorce. Plaintiff moves for leave to serve a supplemental complaint.  Denied.

C. I. Schampain, for the motion.

N. S. Levy, opposed.

GILDERSLEEVE, J.  The action is brought for an absolute divorce on the ground of adultery.  Issue has been joined, and the case noticed for trial by both parties.  The plaintiff now moves for leave, under section 544 of the Code, to serve a supplemental complaint, setting forth acts of adultery on the part of the defendant committed subsequent to the commencement of the action, and the joining of issue therein.  It is the established doctrine of this court, which has been followed by the court of common pleas, that a supplemental complaint, alleging additional acts of adultery by defendant since the commencement of the action, cannot be filed. See Day v. Day (Super. N. Y.) 26 N. Y. Supp. 759, note (McAdam, J.); Halsted v. Halsted, 5 Misc. 416, 26 N. Y. Supp. 758[1] (Giegerich, J.).  And I cannot find that the court of appeals has disapproved of that doctrine.  This doctrine is not inconsistent with that laid down by the supreme court in Blanc v. Blanc, 67 Hun, 384, 22 N. Y. Supp. 264, where it was held that a defendant sued for a divorce may, by supplemental answer, plead, by way of counterclaim, acts of adultery committed by the plaintiff after the suit has been brought, and may have affirmative relief therefor, because, as Judge McAdam points out in his opinion in Day v. Day, supra, a plaintiff may discontinue, and sue over again, while a defendant cannot.  This motion for leave to serve a supplemental complaint must be denied, but without costs.

Motion denied, without costs.

[1]Affirmed by 27 N. Y. Supp. 408.