Gildersleeve, J.
. The actionis brought for an absolute.divorce, on the ground of adultery. Issue has been joined, and the case noticed for trial by both parties. ' The plaintiff now moves for leave, under § 544 of the Code, to serve a supplemental complaint setting forth acts of adultery on the part of the defendant, committed subsequent to the commencement of the action and the joining of issue therein. It is the established doctrine of this court, which has been followed by the Court of Common Pleas, that a supplemental complaint, alleging additional acts of adultery by defendant since the commencement of the action, cannot be filed (see Day v. Day, N. Y. Law Journal, September 7, 1893, McAdam, J.; Halsted v. Halsted, 26 N. Y. Supp. 758, Giegerich, J.); and I cannot find that the Court of Appeals has disapproved of that doctrine. This doctrine is not inconsistent with that laid down by the Supreme Court in Blanc v. Blanc (67 Hun, 384), where it was held that a defendant, •sued .for a divorce, may, by supplemental answer, plead, ¡by way of counterclaim, acts of adultery committed by the plaintiff after the suit has been brought, and may ihave affirmative relief therefor ; because, as Judge McAdam points out in his opinion in Day v. Day (supra), a plaintiff may discontinue and sue over again, while a •defendant cannot. This motion for leave to serve a supplemental complaint must be denied, but without costs.