FLORENCE L. AMES, Plaintiff, *v.* MILLARD R. AMES,
Defendant.

(Supreme Court, Onondaga Special Term, October, 1919.)

Separation — proper    allegations    in    supplemental    answer —
pleading.

> The defendant in an action for a separation on the ground of
> cruel and inhuman treatment may be allowed to serve a supple-
> mental answer alleging acts of adultery committed by plaintiff
> prior to and since the commencement of the action.

This action is brought by the plaintiff for separation
on the ground of cruel and inhuman conduct.    The
defendant moves for leave to make and serve a supple-
mentary answer, setting up acts of adultery committed
by plaintiff prior to and subsequent to the commence-
ment of the action.

Richard J. Shanahan, for plaintiff.

Costello, Burden, Cooney & Walters (Oliver D.
Burden, of counsel), for defendant.

Ross, J.    The right in an action for separation of a
defendant to set up as a defense and counterclaim
acts of adultery committed prior to the commencement
of the action has existed since 1881.    Code Civ. Pro.
§ 1770; *VanBenthuysen* v. *VanBenthuysen,* 15 Civ.
Pro. 234; *Wise* v. *Wise,* 159 App. Div. 575, 576.

The right to interpose matters arising after suit is
brought is not so clear.

In an action for an absolute divorce, the plaintiff
will not be permitted to serve a supplementary com-
plaint, setting up acts of adultery alleged to have been
committed by the defendant since the joinder of issue.

**11**

*Campbell* v. *Campbell,* 69 App. Div. 435; *Halsted* v. *Halsted,* 5 Misc. Rep. 416; affd., 7 id. 723; *Neiberg* v. *Neiberg,* 8 id. 97.

In an action by a wife to obtain a separation from her husband on the ground of cruel and inhuman treatment, she will be allowed to serve a supplemental complaint alleging acts of cruel and inhuman treatment which occurred subsequent to the commencement of the action, this in aid of the cause of action stated in the original complaint. *Smith* v. *Smith,* 99 App. Div. 283.

So much for the rights of a plaintiff in an action, either for a divorce or separation. With reference to the rights of a defendant, the court has power to permit a defendant in an action of divorce for adultery to plead as a counterclaim, as well as a defense, by supplemental answer, acts of adultery committed by the plaintiff since the action was begun. *Blanc* v. *Blanc,* 67 Hun, 384.

In the case last cited, Follett, J., says: " Public policy, the interests of society and of the litigants alike demand that the rights of the parties should be determined in a single action, unless by so doing some statute or rule of procedure settled by reported cases is violated."

No case has been cited in which the defendant in an action for separation sought to plead as a counterclaim by supplemental answer acts of adultery committed by the plaintiff since the action was begun, but it seems to me that the ground of decision in the case of *Blanc* v. *Blanc* is equally applicable to a case of this character. If the defendant can establish the facts which he desires to plead by supplemental answer, it would be a ground in a proper case for the dissolution of the contract of marriage, and it would seem to be unnecessary and inconsistent with the general theory of

the administration of law to compel the defendant in this action, whatever may be its result, to bring another action, based upon the claimed acts of adultery committed subsequent to the joinder of issue herein, which he desires to set up by supplemental answer, which, if proved, would render nugatory the judgment in the action now pending.

The distinction between the case of a plaintiff and a defendant, each of whom seeks to set up facts accruing after the commencement of the action, was stated by Judge McAdam in the following language: " 'A plaintiff may discontinue and sue over again, while a defendant cannot.' "    See *Halsted* v. *Halsted,* 5 Misc. Rep. 417.

Motion granted.