WHITE, Appellant, vs. WHITE, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*May 3—July 8, 1918.*

*Divorce: Marriage of party before judgment becomes absolute: Adultery: Vacating judgment: "Sufficient cause:" Practice: Supplementary pleadings: Consummated division of husband's estate: Continued control of court: Appealable orders: Allowances to wife during pendency of action.*

1. Under sec. 2374, Stats. 1915, there is no absolute severance of the marriage relation until the expiration of one year from the entry of a judgment of divorce, and under sub. 2, sec. 2330, if either party marries again during that year such marriage is null and void, even though contracted in another state.
2. During such year the court has absolute control over the question whether the party seeking a divorce is entitled thereto; and that which has been granted conditionally by the judgment may be forfeited by violation of the conditions.
3. The provision in sec. 2360, Stats., that "no decree for divorce shall be granted if it appears . . . that the plaintiff . . . has been guilty of adultery not condoned," is applicable during the year subsequent to the trial and entry of judgment; and if such fact appears at any time before the judgment becomes absolute it is "sufficient cause," under sec. 2374, for vacating or modifying the judgment.

4. In its disposition of a divorce action a court is not confined to the facts as they existed when the action was commenced, but may take cognizance, under proper pleadings, of what is done by either party during the pendency of the action.

5. Where within a year after the entry of a divorce judgment the defendant wife moves to vacate the judgment on the ground that the plaintiff has married again, she should be permitted, under sec. 2687, Stats., to file a supplementary answer alleging adultery by plaintiff subsequent to the trial, either as a bar to his prayer for divorce or, by way of counterclaim, as ground for a divorce in her favor. Such method of determining the matter is deemed the better practice.

6. The plaintiff husband having in this case voluntarily paid, and the wife having received, the sum stipulated and adjudged to be paid as a final division of the husband's estate, it is not decided whether compliance with such a provision for a final division could be compelled before the expiration of the year after entry of judgment; but under the further proceedings which must be taken upon the supplementary answer as above indicated the sum so paid may still be controlled by the court as plaintiff's property and may be considered and disposed of in the final determination of the action, due allowance being made to the defendant for whatever she may reasonably and properly have expended.

7. An order denying a motion to vacate a judgment of divorce is appealable under sub. (2), sec. 3069, Stats., as a final order affecting a substantial right, made upon summary application after judgment. It could not be reviewed on appeal from the judgment.

8. Sec. 3041, Stats., does not, by making no provision therefor, exclude the right to appeal from such order; it merely shortens the time within which appeals might otherwise be taken from orders of the kind therein described.

9. A divorce action being pending at least until the judgment entered therein becomes absolute, an allowance to the wife for attorney's fees on her application, made within the year, to vacate such judgment, may be made under sec. 2361, Stats.

APPEALS from a judgment and an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Order affirmed on plaintiff's appeal; reversed on that of the defendant.*

Plaintiff appeals from that part of the order which allows

the defendant attorneys' fees on her motion to set aside the judgment. Defendant appeals from the judgment and also from that part of the order which denies her motion to set aside the same judgment.

The plaintiff and defendant intermarried in the state of Iowa in October, 1893, afterwards coming to Milwaukee, Wisconsin, and there residing for more than two years before this action was commenced in March, 1916. One child was born to them, a daughter, Vera, July, 1897. The plaintiff is now about fifty years of age and defendant about forty-five.

The plaintiff's complaint charged defendant with cruel and inhuman treatment of him by other means than personal violence; that she was of a morose, sullen, and austere disposition; showing no love for plaintiff; with studied vexations and provocations, fault-finding and complaining; with petulance and studied contempt of plaintiff; that her treatment of plaintiff became steadily worse during the two years preceding the commencement of the action, rendering it insupportable for plaintiff to longer live with defendant; that she frequently, and for periods of a week or longer, refused to speak to him; that she told him she was sick and tired of him and would look for someone else; had threatened to leave him and go to her home; has refused to accompany him or meet his friends; that, no matter how hard he tried, it was impossible for him to please and satisfy her; that she has been indifferent to his success and has shown no interest in his welfare, and has been guilty of such extreme neglect as to permanently destroy his peace and happiness; that her treatment of him has so annoyed and disturbed him as to impair his peace of mind, causing him constant mental suffering and injuring his health to such an extent that it is not safe for him to longer live or cohabit with her. He demanded an absolute divorce.

A verified answer which denied all allegations of cruel and inhuman treatment was withdrawn before the trial, and a stipulation was signed on July 25, 1916, by the parties, pro-

viding that if, after hearing plaintiff's proofs, the court should grant him the divorce judgment prayed for, that then the judgment should provide, as a full and final division of plaintiff's estate and in lieu of all alimony, for the payment to defendant of $10,000 and $100 attorneys' fees; that she should have the custody and care of the daughter, Vera, to whom $7.50 per week was to be paid by plaintiff for her maintenance and support.    Defendant was also to have the household furniture.

Defendant offered no testimony at the trial on July 26th, and findings were made substantially and almost literally following the allegations of the complaint.

The record discloses that at the conclusion of the trial the court informed the plaintiff "that he cannot marry again within one year from the entry of the judgment of divorce."

Both the findings and judgment contained a provision, in accordance with law, substantially as follows: that neither of the parties to this action shall marry again until one year after the entry of the judgment, and the marriage of either of the parties to this action solemnized before the expiration of one year from the date of the entry thereof shall be null and void.

The judgment was dated July 26th and entered on August 5, 1916.    Thereafter plaintiff moved to Boston, Massachusetts, and on November 28, 1916, obtained in Chicago, Illinois, a license to marry, and on that date went through the form of a marriage ceremony with one Mrs. H. of Milwaukee, and these two appear to have lived together as husband and wife in Massachusetts since that time.

On May 22, 1917, defendant obtained an order requiring plaintiff to show cause why the judgment should not be set aside.    It was based upon affidavits; one by the plaintiff, to the effect that defendant had assured her before the stipulation above mentioned was entered into that the only reason he had for commencing the action was that he was suffering from a nervous affliction because of certain actions on her part, and

that, above all, there was no other woman in the case; that she was deceived in that he had before the divorce been corresponding with and visiting the same Mrs. H. whom he married in Chicago in November, 1916. She prayed that the judgment be vacated for the reason that plaintiff defrauded her by such false assurance and for the further reason that the plaintiff, in violation of the statute and direction of the court, married again before the expiration of the year from the entry of the judgment.

Testimony was taken on this application before the same trial judge who heard the original action. It appeared on such hearing that plaintiff for some time prior to the commencement of this action had been quite a frequent visitor at the home of Mrs. H. in Milwaukee and was there introduced to others under an assumed name. No findings of fact were made or, apparently, requested on this hearing, and the court thereupon made an order on July 6, 1917, as follows:

First, that defendant's application to set aside and vacate the judgment of August 5, 1916, be denied.

Second, that the allowance to the daughter, Vera, be changed in that it be $40 per month for six months and thereafter $50 per month until she became twenty-one years of age.

Third, that plaintiff pay to the defendant's attorney for fees, services, and disbursements $300 within six months thereafter.

Fourth, that the judgment of August 5, 1916, except as modified by the above paragraph 2 as to the allowance to Vera, remain in full force and effect.

The plaintiff appealed from the provisions granting an additional attorney fee of $300 as provided in the above third paragraph.

The defendant appealed from the first provision thereof and from so much of said order as confirmed the original judgment.

After the taking of such respective appeals the plaintiff

moved this court to dismiss the defendant's appeal.    All these
matters were heard together.

For the plaintiff there was a brief by *S. A. G. Cox* and *Curtis & Mock* of Milwaukee, and oral argument by *H. K. Curtis.*

For the defendant there were briefs by *Roehr & Steinmetz,*
attorneys, and *Ida E. Luick,* of counsel, all of Milwaukee, and
oral argument by *Ida E. Luick.*

Eschweiler, J.    The parts of sec. 2374 of the Statutes of
1915, in force when this action was tried, material here, were
as follows:

"1.  When a judgment of divorce from the bonds of matrimony is granted in this state by a court, such judgment, so far
as it determines the status of the parties, shall not be effective,
except for the purposes of an appeal to review the same, until
the expiration of one year from the date of the entry of such
judgment.

"2.  So far as said judgment determines the status of the
parties the court shall have power to vacate or modify the
same, for sufficient cause shown, upon its own motion, or upon
the application of either party to the action, at any time within one year from the entry of such judgment. . . . If the judgment shall be vacated it shall restore the parties to the marital
relation that existed before the entry of such judgment.

"3.  It shall be the duty of every judge, who shall enter a
judgment of divorce, to inform the parties appearing in court
that the judgment, so far as it affects the status of the parties,
will not become effective until one year from the date when
such judgment is entered.

"4.  Such judgment, or any provision of the same, may be
reviewed by an appeal taken within one year from the date
when such judgment was entered.    At the expiration of such
year, such judgment shall become final and conclusive without
further proceedings, unless an appeal be pending, or the court,
for sufficient cause shown, upon its own motion, or upon the
application of a party to the action, shall otherwise order before the expiration of said period."

Until at least the year had gone by from the entry of the

judgment in this case on August 5, 1916, the parties hereto were still bound by the marital tie.  *Hiller v. Johnson,* 162 Wis. 19, 154 N. W. 845.  Until such year elapsed there was in existence no absolute judgment of divorce and, consequently, no absolute severance of the marital relationship.

By sub. 2, sec. 2330, of the Statutes it is declared unlawful for either party to such a divorce action to marry again during such year, and that any such attempted subsequent marriage shall be null and void.  This declared public policy of the state through whose aid plaintiff sought to be released from his prior assumed obligations as the head and member of a family—that vital unit of society,—cannot be evaded or avoided by the mere crossing over into another state.  State boundary lines are not fetters upon such public policy.  *Lanham v. Lanham,* 136 Wis. 360, 117 N. W. 787; *Severa v. Beranak,* 138 Wis. 144, 119 N. W. 814; *Kitzman v. Werner,* ante, p. 308, 166 N. W. 789; *Andrews v. Andrews,* 188 U. S. 14, 23 Sup. Ct. 87.

It is evidently the declared purpose and policy of these statutes that until such year has passed the court still has absolute control, and up to the last moment, over the question whether the party seeking a divorce is entitled thereto, and that which has been granted conditionally by the court may be forfeited by the one to whom thus granted by his violation of the conditions attached thereto by law.

Such is the rule in Massachusetts, under a statute substantially the same as ours, announced in cases just like the one before us.  *Moors v. Moors,* 121 Mass. 232; *Cook v. Cook,* 144 Mass. 163, 10 N. E. 749.

By sec. 2360 of the Statutes it is provided: "No decree for divorce shall be granted if it appears to the satisfaction of the court . . . that the plaintiff . . . has been guilty of adultery not condoned."  This provision rests upon the court as well during the year subsequent to the trial and entry of the judgment as at the trial, and is not lifted before there is an ab-

solute perfected decree of divorce in full compliance with the letter and spirit of the statute.    If it shall appear to the court at any time before the decree becomes absolute that the party seeking the divorce has been guilty of adultery—and under the conceded facts in this case there is no question but that plaintiff did commit adultery during the year in question,—then such adultery is well within the meaning of the term "for sufficient cause" found in sec. 2374, *supra,* for which the court shall have power to vacate or modify the judgment during the period of the year following the first entry of the judgment.

In divorce actions, in which the state has such a substantial, well-recognized interest, a court is not confined in its disposition of them to the facts as they existed at the time of the commencement of the action merely, but it may take cognizance, under proper pleadings, of what is done by either or both parties thereto during the time it is pending before it. 2 Bishop, Marriage, Div. & Sep. § 567; 14 Cyc. 674; *Moors v. Moors,* 121 Mass. 232; *von Bernuth v. von Bernuth,* 76 N. J. Eq. 487, 74 Atl. 700; *Blanc v. Blanc,* 67 Hun, 384, 22 N. Y. Supp. 264; *Armstrong v. Armstrong's Adm'r,* 27 Ind. 186; *Smith v. Smith,* 4 Paige Ch. 432.

It follows therefrom that the court below was in error by its denial of defendant's application to set aside and vacate the judgment and should have entertained such application in the manner as hereinafter indicated.

Under the situation disclosed in this case the defendant should be permitted, under sec. 2687 of the Statutes, to make a supplementary answer and assert the adultery of plaintiff subsequent to the trial, either as an absolute bar to plaintiff's prayer for divorce as by way of recrimination (*Hiecke v. Hiecke,* 163 Wis. 171, 157 N. W. 747; 9 Ruling Case Law, p. 387, sec. 180), or she may also allege it by way of counterclaim as grounds for a divorce in her favor, as she shall be advised.    We deem such method by supplementary pleading the better practice, as it gives the defendant an opportunity

to elect which remedy she would choose and the plaintiff ample opportunity to be heard.

The fact that either method chosen may work a hardship to the one whom plaintiff may have induced to marry him in the meantime cannot alter the application of the law. *Crouch v. Crouch,* 30 Wis. 667; *Everett v. Everett,* 60 Wis. 200, 18 N. W. 637; *Dallmann v. Dallmann,* 159 Wis. 480, 149 N. W. 137.

The fact that plaintiff voluntarily paid and the defendant received the $10,000 specified in the stipulation and finding makes it unnecessary to decide in this case whether the court could compel, under the statute in question here, compliance with such a provision for final division of the estate of the husband before the judgment becomes absolute by the expiration of the year, or whether anything more could properly be done with relation to any necessary final division and disposition of the husband's estate or property than to secure the performance of such provisions by requiring the property itself to be held for that period by some trustee, by the giving of adequate security, or by some method that will protect the rights and interests of the parties during the statutory interval.

Under the further proceedings that must be taken herein, the $10,000 paid to the defendant can still be controlled by the court as plaintiff's property. If she be awarded a divorce it may be considered and disposed of for purpose of final division of his property, or in case divorce be denied them, under sec. 2366 of the Statutes the court may make suitable and proper orders for the support and maintenance of the wife and child by the husband, due allowance to be made to her for whatever may have been reasonably and properly expended by her in reliance upon her possession thereof under the stipulation between the parties.

Plaintiff contends that defendant cannot appeal from the order now being reversed, on the ground that, the right of ap-

peal being purely statutory, and sec. 3041 of the Statutes, providing for appeals in divorce actions and which limits the time for appeal to six months from an order "modifying or revising a judgment of divorce, so far as it determines the status of the parties to the action," making no provision for an appeal from an order such as here involved, that is, denying an application to vacate the judgment, must necessarily exclude the right to appeal from such order. We are satisfied, however, that sec. 3041 merely shortens the length of time within which appeals might otherwise be taken from the kind of order therein described, and that the order here being reviewed is appealable under sub. (2), sec. 3069, as a final order affecting a substantial right, upon summary application after judgment. *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322. It could not be reviewed on appeal from the judgment. *McMahon v. Snyder,* 117 Wis. 463, 94 N. W. 351.

Upon plaintiff's appeal from so much of the order of the court below as awarded to the defendant $300 attorneys' fees on the application to vacate the judgment, we shall content ourselves with saying that such an allowance can be properly made under sec. 2361 of the Statutes, for the reason that it is made during the pendency of the divorce action, and such action is pending until at least the judgment therein becomes absolute, as defined by the terms of this statute, as we have held above.

This disposition of the case renders it unnecessary to consider the questions raised and so ably discussed as to whether defendant, having defaulted; having signed the stipulation above recited as to the terms of the judgment dividing the property; and having accepted the benefits of the stipulation and judgment by retaining the $10,000 therein provided, could be permitted to appeal from the judgment itself; or the further question whether the alleged assurance to defendant that there was no other woman in the case, and upon which assurance, it is contended, she agreed to the stipulation and default, was of such fraudulent nature that the judgment for

that reason should be vacated and set aside; nor further, whether the testimony was sufficient to warrant granting plaintiff a divorce, and therefore we express no opinion upon any such questions.

*By the Court.*—So much of the order of the court below as allows to the defendant attorneys' fees is affirmed. That part of the order denying the defendant's application to vacate the judgment is reversed, and cause remanded with directions to set aside the judgment of August, 1916, and to permit supplemental pleadings to be interposed and the issues thereby raised determined. Defendant to have her costs and disbursements.

KERWIN, J., dissents.