JERMAIN, Respondent, vs. JERMAIN, Appellant.

*September 14—October 12, 1943.*

510

For the appellant there was a brief by *Jongebloed & Ewens,* and oral argument by *Norman R. Klug,* all of Milwaukee.

For the respondent there was a brief by *Brennan & Brennan* of Milwaukee, and oral argument by *Martin J. Brennan.*

BARLOW, J.    The first order to show cause why the judgment of divorce should not be vacated and the defendant permitted to answer and counterclaim was issued upon the affidavit of the defendant, wherein he alleged as a defense and counterclaim that the plaintiff had been guilty of adultery, setting forth the names and addresses of the witnesses who would be called to establish the facts alleged.    The allegations in the counterclaim were upon information and belief.    The trial judge, in a written opinion denying the motion, recited that the affidavits filed by the defendant were not accompanied by the affidavits of new witnesses setting forth the newly discovered evidence and the facts to which the witnesses would testify.    The trial judge also stated in substance that the affidavits of the witnesses are necessary as assurance that they will not refuse to testify after the judgment has been set aside.

On the 26th day of August, 1942, upon affidavit of defendant and his attorney, an order to show cause returnable on the 29th day of September, 1942, was signed by the court, ordering plaintiff to show cause why the judgment of divorce should not be vacated and set aside and defendant permitted

to file an answer and counterclaim and defend said action, alleging that witnesses (naming them) had refused to furnish affidavits and that the defendant and his counsel wish to take proof by deposition as authorized by sec. 326.07, Stats.

The deposition of Elsa P. Sprinkman was taken, wherein she testified that on the 11th day of November, 1941, which is the day after the complaint was verified, she saw her husband, Walter Sprinkman, and the plaintiff in this action in the Knickerbocker Hotel in Chicago; that they were registered as husband and wife as Mr. and Mrs. Walter Sprinkman; that they were in the hotel room at about 9:30 in the morning and plaintiff was dressed in a chiffon nightgown and robe and deponent's husband in pajamas and a robe, and that they admitted they had spent the night there; that immediately thereafter the witness obtained a divorce from her husband.

The trial judge in a written opinion denied the motion to vacate the judgment and permit the defendant to answer and counterclaim and defend said action for the reason that the order of July 15, 1942, was unreversed of record and not vacated, and was therefore *res judicata* upon all matters presented by the defendant in connection with his present order to show cause, citing *Webster v. Board of Supervisors of Oconto County*, 47 Wis. 225, 2 N. W. 335, and *Hoppe v. Chicago, M & St. P. R. Co.* 61 Wis. 357, 21 N. W. 227, and cases therein cited.

We cannot agree with the conclusion of the trial judge. Sec. 247.37, Stats., so far as applicable herein, provides as follows:

"(1) When a judgment or decree of divorce from the bonds of matrimony is granted so far as it affects the status of the parties it shall not be effective until the expiration of one year from the date of the granting of such judgment or decree; excepting that it shall immediately bar the parties from cohabitation together and that it may be reviewed on appeal during said period. But in case either party dies within said

period, such judgment or decree, unless vacated or reversed, shall be deemed to have entirely severed the marriage relation immediately before such death. Should the parties cohabit together after granting of such judgment or decree and before vacation or reversal of same, they shall be subject to the penalties provided by section 247.39.

"(2) So far as said judgment or decree affects the status of the parties the court shall have power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment or decree, provided both parties are then living. But no such judgment or decree shall be vacated or modified without the service of notice of motion, or order to show cause on the divorce counsel, and on the parties to the action, if they be found. If the judgment or decree shall be vacated it shall restore the parties to the marital relation that existed before the granting of such judgment or decree."

It is evident from the above that so far as the judgment or decree affects the status of the parties, the court has the power to vacate or modify the same for sufficient cause shown upon its own motion or upon application of either party to the action at any time within one year from the granting of such judgment or decree, provided both parties are then living. Both parties were living at the time this motion was heard. If the facts set forth in the deposition had been called to the attention of the court it could have proceeded upon its own motion; these facts could have been presented by the divorce counsel at any time within a year.

It has long been recognized that the public, as well as the parties to the proceedings, has a deep interest in divorce actions. This is recognized in *White v. White,* 167 Wis. 615, 622, 168 N. W. 704, where the court said:

"In divorce actions, in which the state has such a substantial, well-recognized interest, a court is not confined in its disposition of them to the facts as they existed at the time of the commencement of the action merely, but it may take

cognizance, under proper pleadings, of what is done by either or both parties thereto during the time it is pending before it."

And again in *Subacz v. Subacz,* 183 Wis. 427, 434, 198 N. W. 372, the court said:

"The duty of representing the interests of the public vests not only in the divorce counsel but also in the court; in fact, before the passage of the statutes creating the office of divorce counsel, such entire duty vested in the court. Notwithstanding the statutes above referred to and all of the precautionary measures contained therein, a default judgment of divorce does not stand upon the same plane as a judgment in an ordinary civil action, and the rule still obtains in a somewhat modified degree that a default judgment of divorce will be vacated upon slight showing."

For the purpose of considering this motion, the facts set forth in the deposition of Elsa P. Sprinkman are to be regarded as true. *Goldsworthy v. Linden,* 75 Wis. 24, 43 N. W. 656. The defendant cannot be charged with lack of diligence. His affidavit states that the first information he received about the misconduct of his wife was on April 6, 1942, and the record shows that he immediately made application to vacate the judgment, as the order to show cause was dated four days later. Witnesses who had information were hesitant about giving this information to the defendant. This is evidenced by the fact that Elsa P. Sprinkman refused to make an affidavit and refused to give information until she was required to do so by taking her deposition. We feel certain that the trial judge would have granted the motion to vacate the judgment if he had not concluded that the subject matter was *res judicata* by reason of the first motion. Without questioning the rule laid down in *Webster v. Board of Supervisors of Oconto County, supra,* wherein the court held that after denial of a motion for a new trial and without leave granted at the same time to renew the motion, a second motion for the same relief made upon substantially the same

grounds without disclosure of any new facts cannot properly be granted, the question being *res judicata,* we hold that in a divorce action where the public has a material interest, denial of a motion because it was not properly presented does not preclude the court from considering a second motion properly presented within the time prescribed by law. This is the only conclusion consistent with the statutes governing divorce actions in Wisconsin.

*By the Court.*—Order reversed, and record remanded with instructions to vacate the judgment and permit the filing of the answer and counterclaim, and for further proceedings according to law.