KILMER, Respondent, vs. KILMER, Appellant.

*May 22—June 22, 1946.*

44

For the appellant there was a brief by *Walker & Latton* of Portage, and oral argument by *Dorothy Walker* and *Howard W. Latton.*

For the respondent there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill, Jr.*

ROSENBERRY, C. J.    On this appeal we shall not pass upon the contention of the defendant that his marriage in Michigan to Evora Jones was valid.

It is argued that the trial court was in error in vacating the judgment entered on April 28, 1944.   The motion to vacate the judgment was not made in this case under sec. 269.46 (1), Stats., which provides:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a

judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

But under the provisions of sec. 247.37 (2), Stats.: "So far as said judgment or decree affects the status of the parties the court shall have power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment or decree, provided both parties are then living. . . ."

It is the contention of the defendant that under this statute the plaintiff did not support her motion to vacate the judgment by facts showing sufficient cause. As a practical matter, if the contentions of the defendant were upheld, an interlocutory judgment of divorce could not be set aside except upon showing sufficient cause to set aside a judgment under sec. 269.46 (1), Stats. Sec. 247.37 (2) should be liberally interpreted. The court had this section under consideration in *Jermain v. Jermain* (1943), 243 Wis. 508, 11 N. W. (2d) 163. In that case the trial judge denied the motion made by the defendant to vacate a judgment in favor of the plaintiff upon the ground that the matter had been adjudicated on a former motion, that the order denying the motion remained unreversed and therefore was *res adjudicata* upon all matters presented by the defendant in connection with his present motion. After quoting the statute, the court quoted from *Subacz v. Subacz* (1924), 183 Wis. 427, 434, 198 N. W. 372:

"Notwithstanding the statutes above referred to and all of the precautionary measures contained therein, a default judgment of divorce does not stand upon the same plane as a judgment in an ordinary civil action, and the rule still obtains in a somewhat modified degree that a default judgment of divorce will be vacated upon slight showing."

As entered, the order vacating the judgment of divorce was based upon the opinion of the trial court that the plaintiff was entitled to a reconciliation period of a year; that the marriage

of the defendant deprived her of that privilege and for that reason he vacated the judgment. Under the rule stated in *Subacz v. Subacz, supra,* and affirmed in *Jermain v. Jermain, supra,* we cannot say that the trial court abused its discretion in vacating the judgment. In a subsequent proceeding, the court in the course of an opinion fortified its position somewhat by stating that the motion to vacate was granted—

"on the state of facts that the defendant was living with Evora Jones in the state of Wisconsin before the year had expired, in fact a very few weeks after the divorce was granted."

At that time the order vacating the judgment had been entered.

The granting of the plaintiff's subsequent motion to dismiss the action raises another question. As appears from the statement of facts, the plaintiff had received from the defendant, by reason of the judgment of divorce, a considerable amount of property. The defendant asked restitution if the action was dismissed. Although the judgment was in her favor, plaintiff now seeks to have the action dismissed and retain the benefits of the valid judgment which was vacated. Under such circumstances, the general rule is that the benefits received must be returned and the parties placed as far as possible in *status quo.*

Sec. 74 of the Restatement, Restitution, is as follows:

"A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess."

Comment *c* is as follows:

"*When restitution is inequitable.* The creditor cannot normally obtain an advantage from having secured a judgment which is subsequently reversed so that, in the absence of

special circumstances, it is not a defense that the claim which was the basis of the action can now be proved. Nor is restitution denied because the payor had a moral duty to make the payment."

It is considered that under the facts of this case the matter of restitution should have been determined by the trial court in accordance with established principles of law when the judgment was vacated. With the action dismissed, the marital status of the parties is restored and the defendant may have no means of compelling the plaintiff to restore what she had received from him under the judgment. Being entitled to restitution, the judgment of the court dismissing the action should be reversed with directions to the trial court to reinstate the judgment of divorce unless, within a reasonable time to be fixed by the trial court, the plaintiff restores to the defendant what she has received from him under and by virtue of the judgment. It is not necessary to dismiss an action in order to entitle a defendant to restitution. As is stated in the Restatement, a defendant who has parted with property pursuant to a judgment which is subsequently vacated is entitled to restitution even though the action may thereafter be prosecuted. The apparent vindictiveness of the plaintiff should not be rewarded by permitting her to retain benefits under the judgment which she caused to be vacated. She asked for a divorce and a division of the estate of the parties, which was awarded her. When she asked for a vacation of the judgment in order to restore the marital status, she should restore the property adjudged to her with the divorce.

The matter of restitution should have been considered on the motion to vacate the judgment. However, it appears from the record that at that time the plaintiff indicated that it was her purpose to amend the complaint and proceed to a trial upon the amended complaint. Under such circumstances, the court may have concluded that the matter of restitution might rest until the second trial was had. In that event, further evi-

dence might disclose matters which should properly be taken into consideration in disposing of the defendant's right to restitution.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the trial court for further proceedings in accordance with the opinion.

RECTOR, J. (*dissenting*). I do not believe there was "sufficient cause shown" within sec. 247.37 (2), Stats., for vacating the judgment of divorce. Generally speaking, a decree ought not to be set aside except upon a showing of grounds which would indicate that it should not have been granted in the first instance. There is at least one exception to that rule and there may be others. Such an exception would exist if the parties were to become reconciled after the decree. However, there is no basis for an exception in the present case. No question exists but that the divorce was properly granted in the first instance. It seems illogical for the trial court to vacate the decree and reinstate the marriage relation on the ground that reconciliation has become impossible.

I am authorized to say that Mr. Justice WICKHEM concurs in this dissent.

FAIRCHILD, J. (*dissenting in part*). I agree with the determination in the majority opinion that this judgment is not ruled by the regulations affecting the usual judgment in law cases. But I do not find it possible to agree that we have the right to impose a condition upon the trial court's right to vacate the judgment in the divorce action. The trial court has been given the right to vacate a judgment of divorce within the year for sufficient cause. Under the rule now declared one of the parties may veto the order of the trial court.

In the case before us, it appears that the suit when brought, was by collusion. The defendant induced the plaintiff to begin the action. She testified that "It isn't a matter of wanting

a divorce or not wanting a divorce; just the fact that when this thing came up he volunteered to leave the state."

"*Q.* If he had resided outside the state, what then? *A.* He wouldn't have heard from us."

The agreement evidently brought the result that there was not a judicial examination which would have enabled the trial court to determine whether the acts of the defendant were prompted, encouraged, or connived at by the plaintiff. If both were at fault, or one had condoned the acts of the other, neither should have been granted the divorce, and the only agreement they could make which would lead ultimately to a decree would be such an agreement as is usually referred to as a voluntary separation for five years. For these reasons I am convinced that the trial court properly and for sufficient cause set aside the judgment and left the parties in the position in which they find themselves.

Granting of divorces may be necessary but they are not to be encouraged. The legislature, in fixing a period of one year after a judgment of divorce within which the persons shall not remarry, and in cases of incompatibility not particularly affecting the health of either party, a period of five years before a cause of action matures, has done so in the expectation that the home may bè re-established.