STARZINSKI, Respondent, vs. STARZINSKI, Appellant.

*January 5—February 3, 1953.*

For the appellant there was a brief by *Krueger & Fulmer* of Wausau, and oral argument by *William F. Krueger.*

For the respondent there was a brief by *Clayton J. Crooks,* and oral argument by *Clayton J. Crooks* and *Leo D. Crooks,* both of Wausau.

GEHL, J. The defendant makes no serious attack upon that part of the judgment which grants plaintiff a divorce. His complaint is that the award given her in the division of the estate is excessive; that it so appears without regard to the evidence discovered by him after judgment; and that if he is wrong in that respect the judgment should be vacated or, in the alternative, a new trial granted in order that the court might consider such newly discovered evidence in its determination of the amount to be awarded.

Laying aside for the moment consideration of the question whether there should be a new trial, and considering the case as it appeared at the close of the trial and as though it were here only as an appeal from the judgment, is the award excessive?

The parties lived together about seven years during which time plaintiff and her children gave him a great deal of help in the operation of his household and farm. The value of his holdings was increased. He says that a large part of the increase resulted from inflation. That is true, but it is just as true that the change in economic conditions reduces the value of the dollars which she receives. During the period of the marriage the parties earned sufficient to invest about

$1,600 in the purchase of an 80-acre tract of land and approximately $5,000 in the purchase of farm machinery.

The rule that in a divorce action the question of a final division and distribution of the property of the husband is one for the discretion of the trial court, *Bruhn v. Bruhn,* 197 Wis. 358, 222 N. W. 242, has never been questioned.

"The division of property, in a case of this sort, is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter. Therefore, the trial determination must prevail unless clearly characterized by mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment." *Gauger v. Gauger,* 157 Wis. 630, 632, 147 N. W. 1075.

"There is no precise measure by which to determine the amount to be awarded to a divorced wife out of the subject for division.

". . . The general level to start from is one third." *Gauger v. Gauger, supra* (p. 633).

We do not construe the language in the *Gauger Case* as meaning that the minimum to be allowed a divorced wife is one third. There are cases in which this court has said that an allowance of one third is liberal. But we conclude that under the circumstances here existing it has not been shown that when the judgment was entered and the award made there was an abuse of judicial discretion.

Defendant's motion to vacate the judgment is addressed to the discretion of the court. That appears from the language of the statute, sec. 247.37 (2), which provides that "the court shall have power to vacate or modify the same for sufficient cause shown," at any time within one year from the granting of the judgment.

The alternative motion of the defendant for a new trial should be treated as are cases in which a new trial is sought on the ground of newly discovered evidence.

Defendant contends that the court was misled by plaintiff's representation that she did not plan to leave the state after disposition of the action. He appears to be convinced that it was her plan and argues that his conviction is supported by the fact that she did leave the state about August 10, 1951, about two months after the entry of judgment. At the trial she denied that it was her intention to go back to Oklahoma, from which state she had come to Wisconsin, she testified that she was not sure that she was going to California, that she had no definite plan in that respect, "if I find employment here I haven't made up my mind just what I want to do." Upon cross-examination she testified that she would like to go to California if possible. From her letter to Nelson written after the entry of judgment it appears that when she wrote the letter she was still considering the possibility of remaining in the Wausau area. The refusal of the court to grant defendant's motions indicates that the judge had not been convinced that at the time of the trial she had definitely planned to leave Wisconsin. The fact that after judgment she did leave the state should be considered, if it is to be considered at all, as newly discovered evidence along with the other matter, the letters, which came to defendant's attention after trial and judgment.

The question is then, Should this court order a new trial upon the ground of the newly discovered evidence? We may not do so unless it should appear that proof of the facts offered would compel a different conclusion, *Ward v. Prospect Manor Corporation*, 188 Wis. 534, 206 N. W. 856, or, at least, that it is reasonably probable that a different result would be reached upon another trial, *Mickoleski v. Becker*, 252 Wis. 307, 31 N. W. (2d) 508. The rule is applicable

in divorce cases as it is in other civil actions, 17 Am. Jur., Divorce and Separation, p. 356, sec. 423.

It appears quite clearly that all that is offered as newly discovered evidence was brought to the court's attention when the motions after judgment were heard. Nothing additional is brought to us. It is obvious that the trial judge considered that proof of the facts newly discovered would not have affected his judgment as to the division of the husband's estate.

Counsel call to our attention *White v. White,* 167 Wis. 615, 168 N. W. 704, *Jermain v. Jermain,* 243 Wis. 508, 11 N. W. (2d) 163, and *Kilmer v. Kilmer,* 249 Wis. 41, 23 N. W. (2d) 510, and assert that these cases require that a new trial be had. In the *White* and *Kilmer Cases* the husband went through the form of a marriage ceremony within the year following entry of the divorce decree. In the *Jermain Case* a default judgment granting the wife a divorce was entered on December 30, 1941; after judgment the husband sought an order vacating it, basing his motion upon newly discovered evidence that before judgment the wife had been guilty of adultery. In each of these cases this court held in effect that to deny the motion to open the judgment was or would have been an abuse of discretion. Each of them involved a flagrant violation of the marriage vow, the provisions of the judgment, or a statute. We are unable to say that the conduct of the plaintiff in this case, knowledge of which came to defendant after judgment, compares in degree of impropriety with that of the parties in the cases cited, or that the court's refusal to grant a new trial was an abuse of discretion.

The record discloses, however, that to require defendant to pay $4,200 to plaintiff forthwith, as the judgment provides, would place an undue burden upon him if it were possible at all. Further proceedings should be had to determine what would be a reasonable requirement as to time of payment and whether it would lighten defendant's burden to

permit him to pay the amount in fixed reasonable instalments. The judgment should continue to provide that the award shall be a lien upon the real estate of the defendant until paid.

*By the Court.*—Judgment affirmed in part, reversed in part. Orders affirmed. Cause remanded for further proceedings in accordance with this opinion. No costs to be taxed. Appellant to pay the clerk's fees.