Roddis, Appellant, v. Roddis, Respondent.

*October 29—November 27, 1962.*

120

For the appellant there were briefs by *Brazeau, Brazeau, Potter & Cole* of Wisconsin Rapids, and oral argument by *John M. Potter.*

For the respondent there was a brief by *Spohn, Ross, Stevens & Pick* of Madison, and *Clifford Peickert* of Stevens Point, attorneys, and *Thomas D. Zilavy* of Madison of

counsel, and oral argument by *Mr. Frank A. Ross* and *Mr. Zilavy.*

BROWN, C. J. Questions presented on appeal are:

(1) Is remarriage by a party to a divorce action within one year of the date of judgment of the divorce sufficient cause to vacate the judgment of divorce?

(2) Is the vacation of a judgment of divorce pursuant to sec. 247.37 (2), Stats., a final determination of the action and a termination of the jurisdiction of the court?

(3) Does the court have authority to extend its power to modify or vacate a judgment of divorce pursuant to sec. 247.37 (2), Stats., beyond the year following the divorce judgment?

(1) The power of the court to vacate judgments of divorce during the one-year period rests in sec. 247.37 (2), Stats.:

"So far as said judgment affects the marital status of the parties the court has the power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment, provided both parties are then living. . . ."

One of the purposes of this statute is to give the trial court the authority to consider the conduct of the prevailing party subsequent to the divorce. *White v. White* (1918), 167 Wis. 615, 621, 168 N. W. 704. We have held that the exercise during one year of the power to vacate the judgment of divorce, given by sec. 247.37 (2), Stats., is discretionary. *Starzinski v. Starzinski* (1953), 263 Wis. 104, 108, 56 N. W. (2d) 784.

The question remaining is whether remarriage within one year is sufficient cause for the court to vacate judgment. The *White Case,* at page 22, holds that it is error for the

court to deny vacation of the divorce in facts substantially identical to those present.

Sec. 247.37 (1) (a), Stats., provides that the judgment of divorce is not to be effective until one year from the granting of such judgment. Sec. 245.03 (2) makes it "unlawful for any person, who is or has been a party to an action for divorce in any court in this state, or elsewhere, to marry again until one year after judgment of divorce is granted, and the marriage of any such person solemnized before the expiration of one year from the date of the granting of judgment of divorce shall be void."

Under sec. 247.10, Stats., a judgment of divorce shall not be granted if it appears to the satisfaction of the court that the complaining party has been guilty of adultery not condoned. Remarriage within one year accompanied with cohabitation is certainly adequate grounds for the trial court to be satisfied adultery was committed. There is no dispute that appellant went through a marriage ceremony with Searle within one year after the granting of the divorce judgment and that they cohabited. These circumstances are at least "sufficient cause" for the court to vacate the judgment of divorce as an exercise of discretion. Under *White v. White, supra,* on such facts it is an abuse of discretion *not* to vacate the divorce judgment. See also *Kilmer v. Kilmer* (1946), 249 Wis. 41, 46, 23 N. W. (2d) 510.

Appellant concedes and so states in her brief that the decisions of the *White* and *Kilmer Cases* are the law in Wisconsin. But she advocates they be overruled so that each case will be decided on its own merits. We find nothing in the Family Code, enacted in the 1959 session of the legislature, which supersedes or makes obsolete the decisions of the *White* and the *Kilmer Cases* in any respect material to the present questions. The legislature has not indicated that there has been a change in public policy looking with

more favor upon a more-rapid acquisition of successive spouses. The old deterents, as expressed in those cases, have not been modified, and when they are, the modification should be by the legislature, not by the courts.

Appellant contends her marriage in New Mexico was valid because she entered into it in good faith. There is no merit to this contention. As she well knew, under the laws of Wisconsin appellant was still married to respondent when she entered into the New Mexico marriage. Sec. 247.37 (1) (a), Stats. Sec. 245.03, which renders this marriage void, does not make an exception for marriages entered into in good faith. Such a marriage ripens into a legal marriage by sec. 245.24, if the subsequent marriage was entered into in good faith by one of the parties, in full belief that the former marriage was dissolved by a divorce, after the impediment to the marriage has been removed, and if they continue to live together as husband and wife in good faith on the part of one of them until the removal of the impediment. The impediment here was the former marriage which would not be dissolved until the passing of one year from the date of the divorce judgment.

Appellant cannot avail herself of sec. 245.24, Stats., for, in the first place, the record shows that she did not enter into the second marriage in good faith. She was instructed by the trial court after the rendition of the divorce judgment that she could not remarry in Wisconsin or in any other state within one year following the divorce judgment. She was mailed a copy of the judgment which contained this admonition. The letter she wrote to her husband indicates she knew the year was not completed when she remarried. The advice upon which she relied that such a marriage was legal had not even been obtained through counsel. When, after the fact she did consult an attorney, the attorney told her the new marriage was void. Her impatience to remarry

does not clothe her actions in good faith. Secondly, appellant and Searle did not continuously live together in good faith after the marriage until such time the impediment would have been removed. Searle was apprised of the marriage status by counsel, and he had removed himself from appellant's home. Thirdly, the divorce judgment was vacated before the expiration of one year so that sec. 245.24 was rendered inapplicable.

(2) Appellant contends the vacation of judgment of divorce pursuant to sec. 247.37 (2), Stats., is a final determination of the action and terminates the jurisdiction of the court so that the ancillary relief prayed for by the respondent in the trial court cannot be given. Sec. 247.37 (2) states as follows:

"So far as said judgment affects the marital status of the parties the court has the power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment, provided both parties are then living. . . . If the judgment is vacated it shall restore the parties to the marital relation that existed before the granting of such judgment. . . ."

The trial court did not lose jurisdiction over the marital relation nor did it lose jurisdiction over the parties when it vacated the judgment of divorce. The vacation of the judgment pursuant to sec. 247.37 (2), Stats., restored the parties to the marital relation that existed prior to the granting of the judgment. Appellant tells us that this section means that the vacation of the judgment of divorce terminated the entire action and placed the parties in the status which existed prior to the time the action was commenced. That is not what the section says. It provides that the vacation restores the parties to the marital relation that existed before the granting of the judgment of divorce, which is the one

which existed just before the divorce judgment. That was a marital relation in which there was pending an action to dissolve the marriage. When the judgment was vacated the county court continued to have jurisdiction over this relationship.

Sec. 247.01, Stats., entitled "Jurisdiction," provides in part that the county courts "have authority to do all acts and things necessary and proper in such actions." Sec. 263.47 provides:

"SUPPLEMENTAL PLEADINGS. The plaintiff and defendant, respectively, may be allowed, on motion and on such terms as may be just, to make a supplemental complaint, answer, or reply alleging facts material to the case occurring after the former complaint, answer, or reply, or of which the party was ignorant when his former pleading was made."

Respondent was ignorant of appellant's amatory relationship with Searle at the time the divorce judgment was given. Consequently, the relief sought by respondent based upon new evidence obtained after the granting of the judgment was still within the jurisdiction of the court after the vacation of the divorce. The practice of the trial court was not in conflict with sec. 247.37 (2), Stats., for we have previously ordered similar pleadings to be introduced after the vacation of the judgment. *White v. White, supra,* at page 625, and *Jermain v. Jermain* (1943), 243 Wis. 508, 514, 11 N. W. (2d) 163.

(3) Appellant claims the trial court extended its right to modify or vacate the judgment of divorce pursuant to sec. 247.37 (2), Stats., beyond the year following the divorce judgment. She states the trial court in effect vacated the judgment of divorce, reinstated the action and reserved to itself the power to modify the judgment at some future date. There is no merit to this claim. The judgment of divorce was vacated by the trial court within the year following the

divorce. The permission granted to respondent to introduce further pleadings does not affect the vacated judgment, although it may result in changing the marital relation.

*By the Court.*—Order affirmed.