BERNFELD, Respondent, v. BERNFELD, Appellant.

*No. 90. Argued January 2, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 259.)

362

For the appellant there were briefs by *Charne, Tehan & Taitelman* of Milwaukee, and oral argument by *Irvin B. Charne.*

For the respondent there was a brief by *Ben L. Chernov,* attorney, and *Aaron E. Goodstein* of counsel, both of Milwaukee, and oral argument by *Mr. Chernov.*

HANLEY, J. The following issues are presented on this appeal:

1. Did the trial court abuse its discretion in denying the defendant's motion for a new trial;

2. Did the trial court abuse its discretion in dividing the estate of the parties;

3. Was the order directing the clerk of circuit courts to refrain from paying the support money to the defendant a proper order; and

4. Should a new trial be granted in the interest of justice?

*Motion to Vacate Judgment and Grant New Trial.*

The defendant's trial court motion to vacate judgment and grant a new trial was based on sec. 269.46 (3) [7] and 247.37 (2),[8] Stats. Under 269.46 (3), the alleged errors which occurred in the default trial could be corrected. Under 247.37 (2), the default divorce could be set aside even if the proceedings were free from error.

On this appeal the defendant contends the trial court abused his discretion under 247.37 (2), Stats., when he failed to vacate the default divorce.

It is well settled in Wisconsin that a motion to vacate a default divorce is directed to the discretion of the trial court.

"The motion to open the judgment and set aside the default and allow the defendant to plead was a motion

---

[7] "(3) All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof."

[8] *See* footnote 6.

addressed to the sound discretion of the court." *Lessig v. Lessig* (1908), 136 Wis. 403, 405, 117 N. W. 792.

"Defendant's motion to vacate the judgment is addressed to the discretion of the court. That appears from the language of the statute, sec. 247.37 (2), which provides that 'the court shall have power to vacate or modify the same for sufficient cause shown,' at any time within one year. from the granting of the judgment." *Starzinski v. Starzinski* (1953), 263 Wis. 104, 108, 56 N. W. 2d 784. *See also Roddis v. Roddis* (1962), 18 Wis. 2d 118, 122, 118 N. W. 2d 109.

This court has occasionally undertaken the task of explaining what constitutes an "abuse of discretion":

"The term *'abuse* of discretion' exercised in any case by the trial court, as used in the decisions of courts and in the books, implying in common parlance a bad motive or wrong purpose, is not the most appropriate. It is really a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Murray v. Buell* (1889), 74 Wis. 14, 19, 41 N. W. 1010.

". . . Abuse of discretion does not necessarily mean ulterior motive, arbitrary conduct, or wilful disregard of the rights of a litigant, but it may mean a failure to apply principles of law applicable to a situation if prejudice results." *Endeavor-Oxford Union Free High School Dist. v. Walters* (1955), 270 Wis. 561, 569, 72 N. W. 2d 535.

In this case there could be no abuse of discretion unless the defendant positively established that there was "sufficient cause" to vacate the default judgment of divorce.

Defendant's affidavits, if taken together, allege that the defendant was driven from her home because she was in fear of her own life and the life of the child, that she has a meritorious defense to the divorce action, and that since September, 1967, she had been requesting that her attorney file an answer and counterclaim in the action. The second affidavit also stated that the defendant:

". . . has always been and is willing to return to the State of Wisconsin to give testimony in connection with the trial of this matter."

The questions which must be answered are whether these statements should be accepted as fact for the purposes of establishing "sufficient cause" and whether these statements, even if taken as the truth, establish "sufficient cause."

Although it does not appear that the question has ever been considered by this court, an affidavit of a party should be accepted as proof of the statements contained therein for purposes of determining whether there is sufficient cause to vacate a *default* judgment. The courts have always looked with disfavor on default judgments. This is particularly true of default divorces.

". . . a default judgment of divorce does not stand upon the same plane as a judgment in an ordinary civil action, and the rule still obtains in a somewhat modified degree that a default judgment of divorce will be vacated upon slight showing." *Subacz v. Subacz* (1924), 183 Wis. 427, 434, 198 N. W. 372. *See also: Kilmer v. Kilmer* (1946), 249 Wis. 41, 45, 23 N. W. 2d 510, and *Jermain v. Jermain* (1943), 243 Wis. 508, 513, 11 N. W. 2d 163.

"Divorces are not favored in the law and especially by default which should be surrounded by proper safeguards." *Bottomley v. Bottomley* (1968), 38 Wis. 2d 150, 156, 157, 156 N. W. 2d 447.

However, even if the affidavits of defendant are accepted as true, it is still necessary to determine if they establish "sufficient cause."

The plaintiff contends that "sufficient cause" to vacate a default divorce can only be shown by discovering new evidence that affects the marital status of the parties. Here the alleged "sufficient cause" was the failure of the defendant's attorney to file the requested pleadings on time. The defendant does not offer any evidence

affecting the marital status of the parties which was unknown to her at the time of the divorce hearings.

It must be conceded that no "new" evidence has been discovered in this case. It does not appear that this is the only standard upon which to vacate a default divorce, however. On the contrary, a default divorce can also be set aside on a lesser showing than that required under sec. 269.46 (1), Stats.[9]

"It is the contention of the defendant that under this statute [sec. 247.37 (2)] the plaintiff did not support her motion to vacate the judgment by facts showing sufficient cause. As a practical matter, if the contentions of the defendant were upheld, an interlocutory judgment of divorce could not be set aside except upon showing sufficient cause to set aside a judgment under sec. 269.46 (1), Stats. Sec. 247.37 (2) should be liberally interpreted." *Kilmer v. Kilmer, supra,* at page 45.

This case, therefore, is to be distinguished from those previous cases cited by plaintiff which involved newly discovered evidence.

"*One* of the purposes of this statute [247.37 (2)] is to give the trial court the authority to consider the conduct of the prevailing party subsequent to the divorce." *Roddis v. Roddis, supra,* at page 122. (Emphasis supplied.)

In this case the defendant wanted to contest the divorce, albeit tardily, but she never had the opportunity to present her case. It is difficult to believe that counsel for the defendant did not know, at least eight days before the scheduled trial of the default divorce, that defendant wanted to contest the divorce.[10] Counsel could have

---

[9] "(1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. . . ."

[10] The order to show cause why temporary support and alimony should not be granted was dated December 21, 1967. This

submitted the proper written motion for continuance in advance of trial. Obviously he did not do so because, relying on his past experience, he thought he could get the case transferred from the default calendar to the contest calendar at the last minute. The trial court ruled that this procedure was improper. While the trial court was undoubtedly correct in his application of the law, it certainly appears that this abrupt change from the prior "rule of thumb" worked a hardship in the instant case. When it became obvious, on the motion to vacate the judgment, that the defendant was going to be denied her day in court because of her counsel's reliance on extra statutory procedure, the trial court abused his discretion in refusing to vacate the judgment.

We do not reach the remaining issues inasmuch as we hold that the trial judge improperly exercised his discretion in denying the defendant's motion for a new trial.

*By the Court.*—Judgment and order reversed, cause remanded for a new trial.

---

was almost a month before the scheduled default trial date. The affidavit supporting the order to show cause was dated December 13, 1967. These documents would hardly have been executed, nor would the return date of the order to show cause have been set for January 23, 1968, if the defendant had intended to consent to a default divorce at the trial which was scheduled for January 16, 1968.