LORSCHETER, Respondent, v. LORSCHETER, Appellant.*

*No. 137.  Argued October 4, 1971.—Decided November 5, 1971.*
(Also reported in 191 N. W. 2d 200.)

* Motion for rehearing denied, without costs, on January 4, 1972.

For the appellant there was a brief and oral argument by *Douglas Nelson* of Madison.

For the respondent there was a brief by *Hoskins & Brown* of Lancaster, and oral argument by *Mark H. Hoskins.*

WILKIE, J. Although a number of issues are raised in the briefs, they may be considered in three questions:

1. Did the trial court err in failing to allow a substitution of attorneys on the day of the trial?

2. Did the court abuse its discretion in failing to grant appellant's motion to vacate the divorce judgment?

3. Did the court abuse its discretion in ordering that the property settlement tendered appellant be made payable both to appellant and her first attorney?

*Substitution of attorney on the day of trial.*

Art. VII, sec. 20, of the Wisconsin constitution [1] guarantees any suitor the right to be represented by the attorney of his choice. Sec. 256.27 (3), Stats., provides the procedure for substituting attorneys in a pending action. That statute reads:

---

[1] "**Rights of suitors.** SECTION 20. Any suitor, in any court of this state, shall have the right to prosecute or defend his suit either in his own proper person, or by an attorney or agent of his choice."

"SUBSTITUTION OF ATTORNEYS. No order for the substitution of an attorney for a party shall be made without consent signed by such party and his attorney; or for cause shown and upon such terms as shall be just, and on such notice as the court or judge shall direct."

At the September 26th hearing the record clearly establishes that Mrs. Lorscheter and Attorney Nelson had not met the statutory requirements. There was no consent signed by her and Attorney Bonn.[2] It is also apparent from the record that Attorney Bonn wanted to receive his legal fees prior to consenting to a change of counsel. Without such consent being submitted, the statute contemplates that an attorney can be substituted "for cause shown." No cause was shown by Mrs. Lorscheter or Mr. Nelson.

Even had the provisions of the statute been complied with, sec. 256.27 (3), Stats., does not grant a party the absolute right to substitute his attorney during the pendency of the litigation. A substitution of counsel may be denied where it will unduly interfere with the administration of justice.[3] In *Estate of Bobo*[4] this court affirmed a lower court's denial of a request to substitute attorneys for an estate made by the sole heir when the court found "good cause" to continue the original attorney.

In the present case Attorney Nelson made no effort to inform the court prior to the date of the hearing that Mrs. Lorscheter desired to substitute attorneys. This despite the fact that Mr. Nelson first contacted Mr. Bonn on the matter a month earlier. At the September 26th hearing the court decided that in view of the fact that defendant was more than four months in default

[2] In *McMahon v. Snyder* (1903), 117 Wis. 463, 466, 94 N. W. 351, this court said that a court need not even consider a consent for substitution not signed by the party himself, even when signed by counsel.

[3] 7 C. J. S., *Attorney and Client*, p. 950, sec. 119.

[4] (1957), 275 Wis. 452, 82 N. W. 2d 328.

it would not allow the substitution. The statute in question requires that the terms of the substitution be just. The court concluded that justice precluded substitution at that point in the litigation. In view of Attorney Nelson's failure to conform to the statutory requirements for substitution, his unexplained delay in bringing this matter to the attention of the court, and the obvious detriment such a substitution would be for respondent, the county court did not violate either the statutory or the constitutional provision by denying the motion.

*Abuse of discretion in denying vacation of judgment.*

Appellant sought to vacate the divorce judgment and to file an answer and counterclaim. The county court held a hearing on the matter to determine whether to take action pursuant to sec. 269.46 (1), Stats., which provides:

"**Relief from judgments, orders and stipulations; review of judgments and orders.** (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense."

In disposing of the matter, the trial court specifically found no mistake, inadvertence, surprise or excusable neglect. In its determination, the court decided that it did not matter whether or not Mr. Lorscheter had committed perjury or false swearing at the default hearing. It considered that this was "not an issue here today." The court relied on *Gray v. Gray*,[5] in which this court

---

[5] (1939), 232 Wis. 400, 287 N. W. 708.

affirmed a lower court's determination that a divorce judgment should not be set aside because of perjury. But in *Gray* the perjury went to a matter not affecting the basic divorce judgment. *Gray* does not flatly hold that perjury can never form a proper basis for setting aside a judgment. If there was perjury as to the acts of condonation, then the judgment was obtained through appellant's "mistake, inadvertence, surprise or excusable neglect." The difficulty in the present case is that the trial court refused to consider appellant's testimony as to respondent's alleged perjury. Because the trial court refused to consider that testimony, we cannot presume that the trial court disbelieved the appellant.

We think the trial court gave an unduly restrictive interpretation of sec. 269.46 (1), Stats. Default judgments are viewed with disfavor, particularly default divorce judgments.[6] In *Bernfeld v. Bernfeld* we held that "a default divorce can also be set aside on a lesser showing than that required under sec. 269.46 (1), Stats."[7] In *Bernfeld* the husband began a divorce by publication against his wife who was in Manchester, England. Although a notice of retainer was filed and an appearance made by counsel for the defendant wife, no answer or counterclaim were filed. After the default judgment, Mrs. Bernfeld's attorney moved the trial court to vacate the judgment on the basis of an affidavit from the wife in England denying the allegations of cruel and inhuman treatment made by her husband and asserting that she desired to contest the divorce. The trial court denied the motion and we reversed, holding that the judgment should have been vacated and Mrs. Bernfeld allowed to

---

[6] *Bernfeld v. Bernfeld* (1969), 41 Wis. 2d 358, 366, 164 N. W. 2d 259, citing *Subacz v. Subacz* (1924), 183 Wis. 427, 198 N. W. 372; *Kilmer v. Kilmer* (1946), 249 Wis. 41, 23 N. W. 2d 510; *Jermain v. Jermain* (1943), 243 Wis. 508, 11 N. W. 2d 163; and *Bottomley v. Bottomley* (1968), 38 Wis. 2d 150, 156 N. W. 2d 447.

[7] *Bernfeld v. Bernfeld, supra,* footnote 6, at page 367.

contest the divorce. In the instant case, appellant actually presented as the basis for setting aside the judgment allegedly perjured testimony by the respondent as to the acts of condonation. Although the trial court held a full evidentiary hearing it failed to consider the matters concerning which Mrs. Lorscheter testified, allegedly showing perjury by the respondent. This failure was an abuse of its discretion.

The matter should be remanded to the trial court for its consideration of all of the testimony pertaining to respondent's alleged perjury with the understanding that if the trial court concludes that respondent committed perjury as to matters which were critical to his obtaining the divorce, the appellant would then have met her burden under sec. 269.46 (1), Stats., and the trial court should vacate the divorce judgment. If the trial court concludes against the contention of appellant in this regard, then she has not met her burden under sec. 269.46 (1), and the judgment should not be vacated.

*Attorney's fees awarded to Mr. Bonn.*

The final issue to be resolved in this appeal is whether the county court erred in directing the $10,000 property settlement check be made payable jointly to Mrs. Lorscheter and Mr. Bonn, her first attorney. Although the trial court generally entered the divorce judgment in accordance with the stipulation of the parties, it departed in one respect in directing that the check be paid jointly rather than to appellant alone. This unusual procedure—requiring the settlement check to be made payable to both Mrs. Lorscheter and Mr. Bonn—was entirely justified by the unique facts here. At the September, 1969, hearing the court was concerned with two attorneys, one, Mr. Bonn, who had done an entirely competent job of representing Mrs. Lorscheter and was and is entitled to legal fees for his services, and the other,

Mr. Nelson, who appeared and attempted to achieve a substitution as counsel for Mrs. Lorscheter so that she could contest the divorce and pursue her counterclaim. Under such circumstances the court might well fashion a remedy which would ensure Mr. Bonn receiving the fees which he had earned. Under sec. 247.23 (3), Stats., the court is given discretion to set attorney's fees. Under the circumstances, we think the trial court should, on remand, modify the judgment so as to set a specific amount for the fees to which Mr. Bonn is entitled, which fees should then be paid by Mrs. Lorscheter as stipulated to and as provided for in the judgment.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion. No costs taxable on this appeal.

HALLOWS, C. J. (*concurring*). I concur but on the ground the court should have exercised its inherent power to determine if a fraud had been perpetrated on the court. Mrs. Lorscheter did not claim perjury was a surprise under sec. 269.46 (1), Stats., or at least the evidence to that effect did not satisfy the trial court that surprise existed.

The majority opinion seems to hold that perjury as a matter of law is either a mistake or an inadvertence or a surprise or excusable neglect. It might be a ground for surprise but I cannot see how it constitutes a mistake, an inadvertence, or excusable neglect. I think perjury goes much deeper and constitutes a fraud on the trial court and on the judicial process. Under the inherent power of the trial court, I think a court can and should consider evidence concerning perjury especially when, as here, it has granted a judgment on default.