**POWERLOCK SYSTEMS, INC., Plaintiff,**

v.

**DUO–LOK, INC. and Baseman Brothers, Inc., Defendants.**

**No. 71–C–486.**

United States District Court, E. D. Wisconsin.

July 24, 1972.

Godfrey & Kahn by David M. Hecht, Milwaukee, Wis., for plaintiff.

Schwiesow Law Offices by Philip H. Schwiesow, Germantown, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for patent infringement. In an order dated February 18, 1972, 54 F.R.D. 578, this court overruled the defendants' objections to interrogatories propounded to them by the plaintiff. The defendants' responses to the interrogatories are now called inadequate by the plaintiff, and it has moved for default judgment or, alternatively, for the imposition of sanctions against the defendants.

There is another motion before the court, submitted by the defendants, in which the latter seek a more definite statement of the complaint.

Although the court has received no formal notice of a substitution of attorneys, the defendant Baseman Brothers, Inc. appears to have engaged separate counsel to represent it in this action. Baseman Brothers, Inc. filed supplemental answers to the plaintiff's interrogatories and has expressly withdrawn from joinder in the motion for a more definite statement. The original counsel for Baseman Brothers, Inc. has advised the court in a letter dated June 6, 1972 that he has not consented to the substitution of counsel.

An entry of appearance by an attorney for a party creates a presumption that such attorney has authority to act on behalf of such party, and the burden of proving the contrary falls upon those who challenge the presumption. Osborn v. President, Directors and Company of Bank of United States, 9 Wheat. 738, 829, 830, 6 L.Ed. 204 (1824); Danisch v. Guardian Life Insurance, 151 F. Supp. 17 (S.D.N.Y.1957).

Section 256.27(3), Wis.Stats., reads as follows:

"(3) *Substitution of attorneys.* No order for the substitution of an attorney for a party shall be made without consent signed by such party and his attorney; or for cause shown and upon such terms as shall be just, and on such notice as the court or judge shall direct."

Cases which have considered the matter of the substitution of counsel include

Jacobson v. Schaefer, 441 F.2d 127 (7th Cir. 1971); Lorscheter v. Lorscheter, 52 Wis.2d 804, 191 N.W.2d 200 (1971); and Froedtert Grain & Malting Co. v. Woboril, Inc., 265 Wis. 456, 61 N.W.2d 855 (1953).

Although I find no specific direction on this topic in the Federal Rules of Civil Procedure, I note that Rule 16.3 of the Rules of the U.S. Customs Court provides, in part, as follows:

> "If an attorney of record refuses to consent to a substitution, the court, on motion, may order that such substitution be made on such terms as the court deems appropriate."

 Until the matter of representation is resolved, the court must decline to accept separate pleadings or other submissions from Baseman's newly retained counsel.

With reference to the motion for default judgment, I agree with the plaintiff's argument that the responses of the defendants filed on March 21, 1972 are "evasive, incomplete and totally insufficient." I am not convinced, however, that this deficiency justifies the entry of a default judgment. On the other hand, sanctions should be imposed. Thus, the court will require that proper responses to the plaintiff's interrogatories be filed by the defendants within 20 days from the date of this order. Also, the defendants will be obliged to pay to the plaintiff the sum of $400.00 as reasonable expenses incurred in connection with this matter. Such sum must be paid to the clerk of this court, for transmission to the plaintiff, within 20 days from the date of this order.

The defendants' motion for a more definite statement should not be granted; pleadings responsive to the complaint have already been filed by the defendants. Rule 12(e), Federal Rules of Civil Procedure. Mitchell v. Brown, 2 F.R.D. 325, 326 (D.Neb.1942).

Therefore, it is ordered that the plaintiff's motion for default judgment be and hereby is denied.

It is also ordered that the plaintiff's alternative motion for sanctions against the defendants be and hereby is granted as set forth in this decision.

It is further ordered that the defendants' motion for a more definite statement be and hereby is denied.