## AKINS v. McKNIGHT.
### Civ. No. 24406.

United States District Court
N. D. Ohio, E. D.

Oct. 17, 1949.

B. D. Watts, H. F. Schneider, Cleveland, Ohio, for plaintiff.

Frederick M. Bosworth, Cleveland, Ohio, Roscoe M. Ewing, Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The Complaint charges infringement by defendant of U. S. Letters Patent 2,181,163 and also infringement of plaintiff's U. S. Trade-Mark Registration No. 421,863. The answer denies such infringement and alleges invalidity of the patent. The answer also sets up a counterclaim for damages based upon alleged breach of an exclusive license agreement. A motion was filed to dismiss such counterclaim and ruling on the motion was suspended until after hearing of the evidence. The case was submitted upon the evidence and briefs. The patent covers an adjustable jack post. It is a combination of parts developed by the plaintiff for shoring up and supporting floors and other parts of buildings.

The jack is an instrument of ancient use and has been used in many various forms. It seems clear from the evidence, however, that the plaintiff did arrange a combination of parts which met a present need regarding sagging floors and the like. The outstanding novelty of the plaintiff's combination was the reversibility of parts so that the pressure could be applied to the

jack screw at either the top or bottom of the jack post.

A careful consideration of the evidence and the presumptions of law lead to a finding of validity. Because of the numerous and varied developments in the prior art and in view of the plaintiff's concessions regarding the defendant's Model No. 125 post, and the Anderson post, Exhibit 19, the scope of the plaintiff's patent is restricted to the novel feature for duplication of screw seats and pipe seats in both the top and bottom plates which facilitate the reversibility of the screw, nut, and intervening pipe.

When the patent is so construed, it follows that the accused devices of the defendant do not infringe. The patent claims require that the base member and the cap member have a curved seat or socket and that the screw have "a complementary head adapted to rest on either seat". The rounded head or ball point head of the jack is not new. The prior art discloses the use of such jack heads. Defendant's Exhibits 20, 20-A, 21, 22 to 25, 27, 28, 29 to 31, 33, 34, 41, swindler patent 179, 626, Jewell patent 524,440, Noe and Gooder patents 1,-628,682 and 1,646,591, Gooder patent 1,-874,005.

■ The evidence disclosed and the plaintiff admitted that the cap plate L-3 of the accused device had no socket and had no curved seat. The evidence revealed that the defendant at one time used a plate with raised letters arranged in a circle around the center of the plate. Such a plate would be within the meaning of "a curved seat". The letters would serve the purpose of a socket, but such plate was abandoned by the defendant and certainly the defendant's jack posts do not have reversibility of the parts. The finding of the court is therefore in favor of the plaintiff as to validity of his patent but in favor of the defendant as to the charge of infringement.

■ As to the charge of trade-mark infringement, the court holds that it is without jurisdiction as to the subject matter; there is a misjoinder of actions; and that the defendant is not now threatening to commit any infringing acts.

■ As to the counterclaim for breach of an exclusive license agreement, the court holds that it has no jurisdiction over this cause of action. It is a controversy between residents of this state, and the evidence in support of it would be entirely separate and different from the evidence in the patent controversy.

The business relations between the plaintiff and defendant began at a time when there were warm and cordial family relations. When the family relationships were disrupted, friction soon developed between the plaintiff and the defendant. The evidence revealed an attitude and desire on the part of the defendant toward the plaintiff's business which no court of equity could approve or condone. The defendant tried to retain and use all advantages of the plaintiff's business and experience for the development of his own business after he had severed connections with the plaintiff. He developed the Fixag post with the hope that it would be a substitute for the plaintiff's Adjusta-Post, and for a short time made unwarranted use of the Adjusta-Post name, but that use was not long continued and is not now threatened. But the judgment of this court is controlled by the pertinent facts and the law applicable thereto. The limited scope of the plaintiff's patent and the residence of the parties in the same state dictate the judgment.

The costs will be assessed against the defendant.