AKINS et al. v. McKNIGHT et al.
Civ. 24406.

United States District Court
N. D. Ohio, Eastern Division.
June 23, 1952.

B. D. Watts, H. F. Schneider, Cleveland, Ohio, for plaintiff.

Frederic M. Bosworth, Roscoe M. Ewing, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Pursuant to the mandate of the Court of Appeals, this action is now before the court for "appropriate findings and decree" on defendant's motion for expenses under Rule 37(c), 28 U.S.C.A.

Defendant seeks an award of $8022.27. He claims he is entitled to this amount as the reasonable expenses and attorneys' fees incurred by him in proving matters wrongfully denied by plaintiff on requests for admissions.

Defendant served separate sets of requests on October 8, 1947, and January 14, 1948. Plaintiff filed objections to the first set, which objections were overruled by the court. Thereupon, plaintiff denied under oath all of the requests in the first set, and all but Nos. 1–3 and 9–12 in the second set.

There is presented a sworn denial of the requests, therefore, and not a failure to respond to requests. Under such circum-

stances, Rule 37(c) is mandatory that an order for expenses shall be made unless the court finds that "there were good reasons for the denial or that the admissions sought were of no substantial importance". Cf. West Kentucky Coal Co. v. Walling, 6 Cir., 153 F.2d 582; Water Hammer Arrester Corp. v. Tower, 7 Cir., 171 F.2d 877.

■ After careful consideration of the record, and the briefs and arguments of the parties on the motion, I find that the requests related to important issues in the case, and that no good reasons can be found for the denials.

The plaintiff's patent for an adjustable post, as I read it, claims invention in three important features. The patent device has reversibility of the parts, it will "accommodate itself to angular variations between the planes of two floor levels," and it is so designed that its length may be varied.

Had the plaintiff made full and frank admissions regarding the prior art and accused devices in response to defendant's requests, a trial of this lawsuit possibly might have been avoided. The limitations of the patent to the single feature of reversibility of parts would have been apparent to the court on the motion for summary judgment, and it also would have been clear at that stage that the accused devices did not infringe. It is significant that plaintiff was able at the trial to admit some of the matters covered by defendant's requests under Rule 36, and, indeed, the finding of non-infringement by the court was based in part upon the admissions at trial. See opinion of Judge Wilkin, D.C., 87 F.Supp. 546.

■ Defendant seeks to impose liability for any expenses allowed, upon counsel for plaintiff and the corporate plaintiff, as well as upon plaintiff Akins, who alone denied the requests.

Rule 37(c) provides for the assessment of expenses in a proper case only against a person serving sworn denials. The sanction of the Rule is a drastic one and should not be extended beyond its terms. Accordingly, only plaintiff Akins will be held liable for the present expenses.

■ Rule 11 to which defendant refers clearly has no bearing upon liability for expenses under Rule 37(c).

Upon consideration of the argument and statements in the brief of defendant, and affidavits in support thereof, my conclusion is that $3500 is fair and adequate allowance for expense incurred by reason of plaintiff Akins' unwarranted denial of defendant's requests for admissions.

This memorandum shall be considered compliance with the mandate of the Court of Appeals, and of Rule 52.