UNITED STATES of America at the relation of and for the use of WESTINGHOUSE ELECTRIC SUPPLY COMPANY

v.

NATIONAL SURETY CORPORATION.

Civ. A. Nos. 23965, 23966.

United States District Court
E. D. Pennsylvania.

March 17, 1960.

250

250

Nathan Lavine, New York City, for plaintiff.

Samuel B. Brenner, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

### History of Case

This action under the Miller Act, 40 U.S.C.A. § 270a ff., was commenced on January 17, 1958. After trial to the court, judgment for plaintiff was entered on January 4, 1960 (Document No. 20),[1]

1. All document numbers refer to Civil Action No. 23965 unless otherwise specified.

As a result of Findings of Fact, Conclusions of Law and Discussion filed on December 11, 1959 (Document No. 17). On December 14, 1959, the above-mentioned Request for Additional Judgment under F.R.Civ.P. 37(c), 28 U.S.C., was filed and a hearing was held on February 12, 1960. At the hearing, counsel agreed to try to stipulate a factual basis for the claimed expenses and the attached letters of February 24 (including two-page Exhibit A) and March 1 form the basis for the items of damages comprising the judgment being entered at this time.

### Discussion

Plaintiff attached to its answers to interrogatories filed by defendant copies of several hundred documents, including invoices, statements of accounts, orders and delivery receipts (Document No. 9). Thereafter, on January 13, 1959, plaintiff filed "Request for Admission as to Genuineness of Document" (Document No. 10), requesting defendant to admit, "subject to all pertinent objections to admissibility which may be interposed at the trial," (A) that all the documents described in the foregoing sentence of this Discussion "are genuine" and (B) that such documents are "1. orders given by Montgomery to the plaintiff; 2. the invoices which were periodically sent to Montgomery Construction Company by the plaintiff on or about the dates thereof; 3. statements of account sent periodically by plaintiff to Montgomery; and 4. delivery receipts which accompanied shipments made by the plaintiff to Montgomery and signed for by Montgomery's agents or employees."

■ Defendant's answer to this Request (Document No. 12) stated that these documents "are not genuine * * *" and continued to answer 1 to 4 specifically. Irrespective of the propriety of the answer to part B of the Request, it is clear that the denial of the genuine character of these documents was clearly unsupported and entitles plaintiff to judgment under F.R.Civ.P. 37(c). Even if the denial of part B of the Request as described above was justified, the defendant was required under the last sentence of F.R.Civ.P. 36, at the least, to specify so much of the Request as was true (namely, that the invoices were genuine copies) and deny the remainder.

■ As to paragraph 1 of the B part of the Request, Document No. 17, filed December 11, 1959, and the comment attached to the order denying defendant's Motion for New Trial, being filed today, disclose that the record supports the finding that the orders were given by Montgomery or his authorized representative to the use plaintiff. In fact, Montgomery admitted ordering some of the items so that a blanket denial was improper. Paragraph 4 of the Request is also fully supported by the record as referred to in the foregoing Document No. 17.

■■ As to paragraph 2, Document No. 17 finds that the invoices were sent to Maguire as agent for Montgomery with the latter's approval, but defendant was justified in denying this in view of his denial of this agency relationship (cf. N.T. 20). As to paragraph 3, statements of account were sent on more than one occasion to Montgomery, but the interpretation of the word "periodically" is subject to differences of opinion so that it may be conceded that a denial of this paragraph was proper (cf. N.T. 206–209).

■ On the facts of this case, plaintiff is entitled to judgment under F.R. Civ.P. 37(c). See Akins v. McKnight, D.C.N.D.Ohio 1952, 13 F.R.D. 9. However, this rule does not include expenses incurred prior to the filing of Answers to Requests for Admission, so that the amount of $478.63 must be excluded from the judgment.