Edward I. STILLMAN, Appellant,

and

Frank J. Kaehni and Marie Kaehni

v.

EDMUND SCIENTIFIC CO. and Norman W. Edmund, Appellees.

Edward I. STILLMAN, Appellant,

and

Frank J. Kaehni and Marie Kaehni

v.

JEWELARAMA, INC., Appellee.

Edward I. STILLMAN, Appellant,

and

Frank J. Kaehni and Marie Kaehni

v.

JERI, INC., Appellee.

Edward I. STILLMAN, Appellant,

and

Frank J. Kaehni and Marie Kaehni

v.

The HIGBEE COMPANY, Appellee.

Edward I. STILLMAN, Appellant,

and

Frank J. Kaehni and Marie Kaehni

v.

S. S. KRESGE COMPANY, Appellee.

Nos. 74–1864 to 74–1868.

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1975.

Decided Sept. 2, 1975.

George D. Solter, Baltimore, Md. (Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., and Miller & Stillman, Cleveland, Ohio, on brief), for appellant Edward I. Stillman.

Richard E. Alexander, Chicago, Ill. (Alexander & Speckman, Chicago, Ill., on brief), for appellee S. S. Kresge Co.

George A. Smith, Jr., Philadelphia, Pa. (Smith, Harding, Earley & Follmer, Philadelphia, Pa., on brief), for appellees Edmund Scientific Co. and Norman W. Edmund.

Leonard A. Orman, Baltimore, Md. (Harry Adelberg and Harvey B. Steinman, Baltimore, Md., on brief), for appellees Jewelarama, Inc. and Jeri, Inc.

Before FIELD and WIDENER, Circuit Judges, and HALL, District Judge.*

FIELD, Circuit Judge:

In these patent cases the district court made an award of attorney fees and costs to the defendants pursuant to both 35 U.S.C. § 285[1] and Rule 37, Federal Rules of Civil Procedure. The district court assessed the fees and costs not only against the non-prevailing plaintiffs, Frank J. and Marie Kaehni, but jointly and severally against their attorney, Edward I. Stillman. Stillman has filed these appeals challenging the district court's assessment of fees and costs

---

* Honorable K. K. Hall, Southern District of West Virginia, sitting by designation.

1. 35 U.S.C. § 285 reads:

"The court in exceptional [patent] cases may award reasonable attorney fees to the prevailing party."

as against him. We conclude that such fees and costs were improperly assessed against the appellant under 35 U.S.C. § 285, and remand the case to the district court for more explicit findings with respect to any fees and costs which may appropriately be assessed against the appellant pursuant to Rule 37, Fed. R.Civ.P.

Briefly stated the background of the controversy is as follows: In 1969 Frank J. and Marie Kaehni, owners of the patent in suit, filed infringement actions against Diffraction Company, manufacturer of the accused devices, and eight other parties, including the appellees here, who allegedly marketed the devices and were thereby exposed to derivative liability in the event infringement was established. The appellant Stillman represented the Kaehnis in all of these lawsuits. The Panel on Multi-District Litigation consolidated the cases and referred them to the District of Maryland. Thereafter, the parties agreed that the suit against Diffraction should proceed to trial on the issue of infringement, postponing for separate trials the contingent question of liability and damages against the other defendants. Prior to trial of the case, Diffraction and the appellees filed motions to dismiss which were denied. In the order of denial, the court stated that in the event there should be a finding of non-infringement it would entertain motions from the defendants for costs and attorney fees under 35 U.S.C. § 285. At the conclusion of a lengthy trial, the court exonerated Diffraction on all charges of infringement.[2] The court further found that the allegations of infringement were frivolous and had been asserted without reasonable care or sufficient justification. Under these circumstances the court concluded that the case was "exceptional" within the meaning of Section 285 and awarded Diffraction reasonable attorney

fees. In doing so, however, the court stated that "it must distinguish between overzealous clients and overzealous counsel, for § 285 is directed only at the former."[3] Accordingly, the award to Diffraction was charged only against the Kaehnis and not against their attorney, Stillman.

After Diffraction had prevailed on the merits, the defendant appellees renewed their motions to dismiss and recovery of attorney fees and costs. Following a hearing on the motions the court entered judgments jointly and severally against the Kaehnis and Stillman. Although stated specifically only in the order relative to the defendant S. S. Kresge Company, the awards in all of these cases were apparently based on both 35 U.S.C. § 285 and Rule 37.

The record in *Diffraction* as well as these appeals provides ample support for the district court's finding that these were "exceptional cases" justifying an award under Section 285. The purpose of the statute is to permit the court to award fees in an extraordinary case to prevent gross injustice, and the cases before us, obviously instituted for purposes of harassment, are precisely the type of litigation calling for the imposition of the statutory sanctions. There is equal support in the record for the district court's finding that Stillman, as attorney for the plaintiffs, was guilty of dilatory and vexatious conduct which unduly prolonged the course of this litigation. Despite that fact, however, we think the assessment against him under Section 285 was improper. In our opinion the sanctions are directed to the parties, and it is not the purpose of the statute to discipline uncooperative or overzealous counsel.[4] This, of course, was the position of the district judge in the *Diffraction* case. While we can appreciate the reaction of the court to Still-

---

2. The opinion of the district court in that case was published *sub nom Kaehni v. Diffraction Company,* 342 F.Supp. 523 (D.C.Md.1972), affd., 473 F.2d 908 (4 Cir., 1973).

3. *Id.,* at 537.

4. *See Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp.,* 407 F.2d 288, 297 (9 Cir. 1969).

man's irresponsible behavior, we think it would be unwise to read the statute so broadly that it would expose the members of the patent bar to potential liability for the sanctions of Section 285.[5]

■ This is not to say that Stillman is free from any sanctions for his role in these unnecessarily protracted patent suits. As mentioned above, the awards of fees and costs against Stillman were based not only on 35 U.S.C. § 285, but on Rule 37 as well. Broadly stated, Rule 37 deals with the consequences of the failure to make discovery, and authorizes the imposition of sanctions in cases in which there has been an abuse of the discovery rules. The Rule is flexible in its nature and the court has broad discretion in its choice of the type and degree of the sanctions to be imposed. Unlike Section 285, the pertinent subsections of Rule 37 specifically state that the expenses and fees may be charged against either the offending party or his attorney, or both. The breadth of pecuniary sanctions under Rule 37, however, is not coextensive with such a sanction under Section 285. The Rule by its terms limits an assessment thereunder to fees and expenses flowing from an abuse of the discovery process. In the present case, for instance, the court could assess against Stillman expenses incurred by the defendants in obtaining a discovery order,[6] for expenses incurred as a result of the plaintiffs' failure to comply with a discovery order,[7] or expenses which resulted from the failure of the plaintiffs to perform any of the acts of discovery set out in subsection (d) of the Rule.

Since, as noted, the sanctions authorized under the Rule must pertain to the discovery process, no assessment may be made for expenses which were incurred independent of that process.[8]

■ Since the district court failed to specify which of the expenses claimed by the several defendants were assessed under Rule 37, we remand these cases so that the court may make definitive findings on those items which may appropriately be assessed against Stillman under the Rule.

Reversed in part; remanded in part.

---

5. The appellees contend that Stillman represented the Kaehnis in this litigation pursuant to a champertous contract and, accordingly, had such an interest in the litigation that he should be treated as a party within the purview of Section 285. In making the assessments against Stillman the district court did not refer to this contract nor treat it as a basis for its action. Under the circumstances, we do not deem it necessary to address ourselves to this argument.

6. Rule 37(a)(4).

7. Rule 37(b).

8. *See, e. g., Powerlock Systems, Inc. v. Duo-Lok, Inc.*, 56 F.R.D. 50 (E.D.Wis.1972) (Rule 37 sanction limited to "reasonable expenses incurred in connection with" defendants failure to answer plaintiff's interrogatories); *Brunswick Corporation v. Chrysler Corporation*, 291 F.Supp. 118 (E.D.Wis.1968) (recovery under 37(a) limited to the costs incurred in obtaining an order compelling the plaintiff to answer interrogatories); *United States v. National Surety Corporation*, 25 F.R.D. 249, 251 (E.D.Pa. 1960) (sanction imposed under Rule 37(c) for failure to admit "does not include expenses incurred prior to the filing of Answers to Requests for Admission * * *.").