SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

BLINDER, ROBINSON & CO., INC., Meyer Blinder and Larry Blinder, Defendants.

Civ. A. No. 83–B–668.

United States District Court, D. Colorado.

May 30, 1989.

---

James E. Birchby, Thomas D. Carter, S.E.C., Denver, Colo., Colleen P. Mahoney, Robert H. Resenblum, S.E.C., Washington, D.C., for plaintiff.

Philip E. Lowery, Denver, Colo., Alan C. Jacobson, Englewood, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on plaintiff Securities and Exchange Commission's (SEC) motion to amend the April 11, 1989 judgment in which this Court adopted and accepted the Magistrate's recommendation on defendant's motion for sanctions and ordered that: 1) the above captioned matter be dismissed with prejudice; 2) the SEC be precluded from using any testimony or documents obtained in this case as well as any orders entered in this case in any administrative or adjudicative proceeding against any of the defendants; and 3) defendants be awarded their attorney fees and costs. SEC requests that this Court amend its April 11, 1989 judgment to: 1) delete the provision that precludes the SEC from using information obtained in this case in any future proceedings against defendants; and 2) award only those fees and costs caused by the SEC's failure to provide discovery. SEC's motion to amend is granted in part and denied in part.

As a preliminary matter, defendants argue that relief under Fed.R.Civ.P. 59(e) is inappropriate in a case such as this where a Rule 37(b) order has been issued and a judgment entered. I disagree.

■ A postjudgment application for attorney fees is a collateral and independent claim that need not be filed within the 10 day time period for motions under Rule 59(e). *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Similarly, a Rule 11 motion raises a collateral and independent claim, not a matter integral to the merits of the action, such that Rule 59(e) is inapplicable. *Lupo v. R. Rowland and Co.*, 857 F.2d 482 (8th Cir.1988).

■ However, the purpose of Rule 59(e) is to permit a court "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Sec., supra*, 455 U.S. at 450, 102 S.Ct. at 1166. The motion at issue here is unlike a postjudgment motion for attorney fees or a motion for Rule 11 sanctions which does not imply a change in the judgment but merely seeks what is due because of the judgment. Rather, whether treated as a Rule 59(e) motion to alter or amend judgment or a motion for reconsideration, defendants motion does seek to alter or amend the April 11 judgment. Moreover,

an order, such as the order at issue here, dismissing plaintiff's complaint with prejudice and denying leave to amend complaint is a dispositive trial court determination subject to reconsideration under Fed.R.Civ. P. 59(e). *See Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808 (9th Cir.1981).

■ SEC argues that this Court should delete as superfluous and improper the portions of the Court's order precluding the SEC from using testimony, documents or orders in this case in any administrative or adjudicative proceeding.

Fed.R.Civ.P. 37(b)(2) provides for a wide variety of sanctions which the Court can impose if "a party fails to obey an order to provide or permit discovery...." Rule 37(b)(2) states that its enumerated sanctions are not exclusive and that the Court "may make such orders in regard to the failure as are just, and among others the following...."

In *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976), the Supreme Court stated:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent....

The preclusion order does nothing more than return the parties to their pre-filing status quo by compelling the SEC to return to defendants the evidence it obtained during this proceeding. It does not operate to extend beyond the usual application of res judicata. Nor does the preclusion order go beyond the boundaries of the case in which the discovery dispute arose. The preclusion sanction is both necessary and justified by the SEC's egregious conduct in this case.

SEC's argument that the preclusion order should apply prospectively from April 11, 1989, the date judgment entered instead of retroactively to the initiation of the lawsuit is without merit. *See Nat'l Hockey League v. Metropolitan Hockey Club, Inc.,* supra.; *Bedwell v. Internat'l Fidelity Ins. Co.,* 843 F.2d 683 (3rd Cir.1988).

■ Finally, SEC argues that the Court should clarify its judgment to award only those attorney fees and costs caused by its failure to provide discovery.

By its terms, Rule 37(b) limits the court to an award of "reasonable expenses, including attorney's fees, *caused by the failure*" to provide discovery. (Emphasis added). *See Stillman v. Edmund Scientific Co.,* 522 F.2d 798 (4th Cir.1975). Accordingly, attorney fees and costs in an amount to be determined are awarded to defendants from August 4, 1987 when the Court first directed the SEC's witness to comply with discovery, to the present.

It is therefore ORDERED that SEC's motion to amend judgment by deleting the provision that precludes it from using any testimony, documents, or orders obtained in this case in any administrative or adjudicative proceeding against any defendant is DENIED.

It is FURTHER ORDERED that SEC's motion to amend judgment as to the calculation of attorney fees and costs awarded pursuant to Fed.R.Civ.P. 37(b) is GRANTED and the April 11, 1989 judgment shall be amended to award attorney fees and costs from August 4, 1987 to the present.

It is FURTHER ORDERED that defendants shall submit an amended statement of attorney fees and bill of costs in compliance with this order on or before June 16, 1989. SEC shall have 20 days to respond thereto.