52 F.3d 321
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re: C. Victor MBAKPUO, Appellant,
Christopher E. SMITH, Plaintiff-Appellant,
v.
US SPRINT; SUSANNE KEATING; LILIAN GRANT, Defendants-Appellees.
 No. 93-1662.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 10, 1994.
Decided: April 17, 1995.
 
 ARGUED: Chukwujindu Victor Mbakpuo, MBAKPUO, EKEANYANWU, ANYAIBE & AGILIGA, Washington, DC, for appellants.
 Ann-Mac Cox, McGUIRE, WOODS, BATTLE & BOOTHE, McLean, VA, for appellees. ON BRIEF: Valerie A. Fant, McGUIRE, WOODS, BATTLE & BOOTHE, McLean, VA, for appellees.
 Before WIDENER and MICHAEL, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case is before us today for the purpose of reviewing another order compelling discovery responses and imposing sanctions against Christopher E. Smith and his counsel. Because we are of opinion that the order compelling discovery in aid of execution and imposing sanctions in the amount of $1,439.50 for attorneys' fees and costs involved in the motion to compel was entirely appropriate in this case, we affirm.
 
 
 2
 * This appeal involves an order compelling Smith to respond to discovery in aid of execution to collect a prior judgment and an amendment to that order which imposed sanctions against Smith and his counsel for non-compliance with the rules of discovery. Sprint has been trying to collect monies awarded in two prior orders imposing sanctions under Rule 37 for violation of discovery. These sanctions were awarded, and Smith's underlying case dismissed, because of the flagrant bad faith and callous disregard of discovery obligations by Smith and his counsel as evidenced by their refusals to comply with repeated defense requests for discovery, violations of court-ordered discovery, and repeated violations of both the Federal Rules of Civil Procedure and local rules in the summer of 1992. See Smith v. U.S. Sprint, No. 92-2153, slip op. (4th Cir. Feb. 28, 1994).
 
 
 3
 The first sanction order was entered, along with an order compelling discovery in the underlying case, on July 2, 1992 and awarded Sprint $1,952.50 in attorneys' fees and costs to be paid by Smith's counsel as a sanction under Rule 37 for refusing to respond to defense discovery requests. Smith, slip op. at 4-5. On July 31, 1992 the district court, upon recommendation of a magistrate judge, dismissed the case with prejudice for callous disregard of discovery obligations and the court's rules; and the court also suggested that Sprint file a motion for fees and costs. Smith, slip op. at 6-7. A motion to reconsider was thereafter denied, and the second award of sanctions in the amount of $14,115.50 against Smith and his counsel was entered on August 21, 1992. Smith, slip op. at 6. Smith appealed, and we affirmed the district court's imposition of sanctions and the dismissal of the case with prejudice by unpublished opinion dated February 28, 1994. Smith v. U.S. Sprint, No. 92-2153, slip op. (4th Cir. Feb. 28, 1994) (a detailed exposition of the underlying facts regarding these earlier discovery violations, motions to compel, sanctions, and dismissal can be found in our prior opinion).
 
 
 4
 On October 9, 1992 Smith filed a motion for stay of execution pending appeal, which we denied on October 23, 1992. Thereafter, Sprint attempted to obtain execution on the two monetary sanction judgments totalling $16,067.60 ($1,952.50 & $14,115.50) by serving Smith and his counsel with interrogatories and requests for production of documents in aid of execution on October 28, 1992. The interrogatories requested information relating to the identity and location of the assets of Smith and his counsel. Record, Vol.1 tab 86 at p. 2, (the actual interrogatories were not made part of the record). Smith then filed a motion for reconsideration of the denial of his motion to stay on November 5, 1992, which we denied on December 14, 1992, Smith having refused to put up a bond. Smith did not make objections to Sprint's interrogatories within 15 days as provided by E.D. Va. R. 11.1(D), nor did he respond within 30 days as required by Fed.R.Civ.P. 33 and 34. In December Sprint wrote to Smith's counsel seeking to obtain the overdue discovery responses. Smith's counsel did not reply. Although Smith's counsel was not available when Sprint telephoned to follow-up its letter, Smith returned the call and left a message indicating that he would respond by letter the following day. Sprint had not received such letter by January 7, 1993. On January 7, 1993 Sprint sent another letter attempting to get a response, which letter advised Smith's counsel that a motion to compel would be made if no discovery responses were forthcoming.
 
 
 5
 On March 15, 1993, over four months after responses to Sprint's discovery in aid of execution were due, and over three months after the denial of a stay of execution by this court, Sprint made a motion to compel production of the collection discovery. Although the motion was served on Smith's counsel by first-class mail on March 15, 1993, neither Smith nor his counsel filed an objection to the motion to compel. A day before the scheduled hearing on the motion, Smith's counsel called the magistrate judge's chambers to inform them that he could not attend because he was preparing for a trial; Smith was informed that he should appear or have somebody appear of his behalf. On March 26, 1993 the hearing was held as scheduled. Although Smith did not appear, the court heard argument by Sprint and granted the motion to compel; the magistrate also suggested that Sprint file an affidavit for fees and costs. Smith's counsel arrived after the case had been called and argued, but was given an opportunity to present his argument which the court treated as a motion to reconsider its earlier ruling. Smith's counsel offered no reason for his or his client's failure to respond to the discovery requests nor made any indication that he intended to comply with them at any time in the future. The court denied the motion to reconsider. Upon Sprint's affidavit the court, by amended order dated March 29, 1993, imposed sanctions against Smith and his counsel in the amount of $1,439.50 for reasonable attorneys' fees and costs. Following Smith's objections to the magistrate's orders granting the motion to compel and awarding sanctions, and argument on such objection, the district court affirmed the magistrate's orders on April 20, 1993.[1] The court denied Sprint's motion for additional fees and costs involved in the current review of the magistrate's decision. This appeal followed.
 
 II
 
 6
 Smith appeals the district court's April 20, 1993 order which affirmed the magistrate judge's March 26, 1993 order compelling responses to the discovery in aid of execution and his March 29, 1993 order imposing sanctions by way of the award of attorneys' fees in the award of $1,439.50 for violations of discovery obligations. Smith argues that the district court erred in granting the motion to compel and awarding sanctions.
 
 
 7
 * Initially, Sprint argues that we are without jurisdiction under 28 U.S.C. Sec. 1291 to hear appeals from post-judgment orders compelling discovery in aid of execution. We are of opinion that we have jurisdiction to hear the appeal from the attorneys' fee and costs sanction because the case has been dismissed on the merits, this sanction was awarded in a proceeding for execution of the judgment, and the amount is fixed and immediately payable. See 15B Wright & Miller, Federal Practice and Procedure, Sec. 3915.6 at 340 (1992). It follows that the underlying cause for the imposition of the fees at issue here is also subject to examination.
 
 B
 
 8
 Smith's arguments on appeal, as best we can ascertain, are that the award of attorneys' fees was excessive and unreasonable and that his due process rights were violated because the district court did not give him an opportunity to present his argument in respect to the award of attorneys' fees and costs at or prior to an April 16, 1993 hearing at which Smith argued that the order of the magistrate judge was erroneous and for a stay pending appeal.[2] Smith opening brf. 12-15, 16-17; Smith reply brf. 3, 7-10.
 
 
 9
 Smith had an opportunity to challenge the reasonableness of the attorneys' fees and costs in his objections to the magistrate judge's orders and did not do so. JA 22, et seq. The district court also gave Smith's counsel ample time to present his arguments at the hearing on April 16, 1993, and at that time gave him the option of submitting additional points in writing, which he declined. JA 60, et seq. Upon a review of the record, we commend the district court for its patience in this matter. The due process argument is without merit.
 
 
 10
 We are also of opinion that the district court, quite clearly, did not abuse its discretion when it imposed sanctions in the amount of attorneys' fees and costs flowing from the motion to compel under Rule 37. See Fed.R.Civ.P. 37(a)(4) & (d); Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir.1975). Sprint's motion to compel was necessitated by Smith and his counsel's failure to respond to discovery in legitimate efforts to collect the prior judgments. The $1,439.50 in fees was supported by an affidavit of counsel which was an itemization of time worked. The magistrate judge made a specific finding in this regard. Smith did not challenge the reasonableness of the amount of attorneys' fees and costs awarded in his written objections to the magistrate judge's order, but merely stated that none should have been awarded. Furthermore, Smith's counsel did not mention the issue at the hearing before the district court, thus even our discussion of the question gives Smith the benefit of the doubt. Cf. McGowan v. Gillenwater, 429 F.2d 586, 587 (4th Cir.1970).
 
 
 11
 The judgment of the district court is accordingly
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 At the April 16 hearing Smith claimed that the district court did not have jurisdiction to grant the motion to compel discovery in aid of execution because the subject matter (the two underlying monetary sanctions) was before the Court of Appeals. However, the district court correctly explained that it had jurisdiction to execute the judgment because the Court of Appeals had denied the motion to stay execution pending appeal. Smith's counsel then asked for another stay of execution because the appeal of the original two sanctions was still pending in the Fourth Circuit Court of Appeals. The district court simply noted that they were revisiting the same argument Smith made at the August 21, 1992 hearing and denied the motion to stay because it found little chance of success on appeal
 
 
 [2]
 We summarily reject Smith's argument alleging fraud on the court during the motion to compel in that Sprint had lied to the magistrate when it informed him that two sanctions had been imposed on Smith and his counsel in prior proceedings. (Smith opening brf. at 10-11; Smith reply brf. 5-7.) As our prior opinion in this case affirming those two sanctions makes clear, there actually were two earlier sanctions
 We also reject Smith's contention that the district court did not have jurisdiction to consider the motion to compel discovery in aid of execution, as it is clear that there was no stay of the judgment pending appeal. (Smith opening brf. 15-16; Smith reply brf. 4-5.)