**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GENE E. TRITCHLER,
<u>Plaintiff-Appellant,</u>

v.                                                                                    No. 95-2679

CONSOLIDATION COAL COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Richard L. Williams, Senior District Judge, sitting by designation.
(CA-95-11-1)

Argued: May 7, 1996

Decided: June 28, 1996

Before HALL, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brent E. Beveridge, BEVERIDGE LAW OFFICES, Fair-
mont, West Virginia, for Appellant. Roger Allen Wolfe, JACKSON
& KELLY, Charleston, West Virginia, for Appellee. **ON BRIEF:**
W. Warren Upton, JACKSON & KELLY, Charleston, West Vir-
ginia; Julia M. Chico, JACKSON & KELLY, Morgantown, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gene E. Tritchler appeals a judgment entered on a jury verdict in favor of his former employer, Consolidation Coal Company (Consol), in Tritchler's action alleging claims of age and disability discrimination under the West Virginia Human Rights Act, W.Va. Code §§ 5-11-1 through 5-11-19 (1994 & Supp. 1995). We affirm.

I.

Tritchler began working for Consol in 1971. In 1979, he was given a supervisory job as a section foreman. In 1989, because of the closure of the Pursglove mine in Monongalia County, West Virginia, Tritchler was transferred to the Loveridge Mine in Marion County. His job performance deteriorated at Loveridge, at least in the eyes of his superiors.

In late 1991, Tritchler suffered a back injury and was off work for a while. In the meantime, because of a downturn in business, Consol decided to lay off seven of the 88 salaried employees at Loveridge. Tritchler, who had had the lowest performance evaluation among the salaried employees at Loveridge for two years running, was among those laid off. The laid-off employees were somewhat younger on average than those remaining. Tritchler was medically cleared to return to work on April 1, 1992, but no job was waiting. He was 44 years old at the time.

Nearly two full years later, Tritchler filed this suit in state court against Consol and two individual mine officials. He alleged state statutory claims for age and disability discrimination. When the individual defendants (who, like Tritchler, were West Virginia residents) were voluntarily dismissed, Consol removed the suit to district court based on diversity of citizenship.

2

During discovery, plaintiff requested "all job performance evaluations for all [Northern West Virginia] employees for the period of 1987 through 1992." Consol responded, "None." This response can be narrowly read to be literally true. Pursuant to company policy, performance evaluation forms are discarded after a year.

Nonetheless, Consol's response may have sailed a bit too close to the wind. The original pieces of paper were gone, but some of the information from the discarded evaluations had been preserved. The numerical performance ratings of all of the Loveridge miners had been incorporated into a document that was used to decide whom to lay off. The columns on this document under which the ratings were listed were labeled "EVAL," obviously for"evaluation."

On the other hand, in response to interrogatories, Consol stated,

> As plaintiff's performance rating reflects, he was among the worst performers at Loveridge Mine. He made a number of errors and was repeatedly dilatory and failed to produce. He was perceived as an employee who would find excuses for lack of performance[,] rather than finding a way to get the job done. He was also perceived as unreliable and acted like he had a "chip on his shoulder."

Moreover, Consol identified seven persons with knowledge of Tritchler's performance. Tritchler did not conduct depositions concerning his performance or performance ratings.

Before trial, Tritchler moved in limine to exclude a proposed exhibit (the lay-off document containing comparative performance ratings) and to prohibit Consol from offering any evidence about performance ratings. The district court concluded that the proposed exhibit was the functional equivalent of what Tritchler had requested, and the exhibit was excluded. However, the court permitted Consol to offer testimony from those familiar with the layoff and the performance ratings underlying it, as well as exhibits bearing the ratings sponsored by the supervisor of personnel at Loveridge, John Bihun.

At trial, Consol established that Tritchler was the worst salaried employee at the mine; that the displaced miners were younger, as a

3

group, than those remaining; and that several employees with medical conditions worse than Tritchler's were retained.

The jury returned a verdict for the defense. Tritchler moved for judgment as a matter of law or for a new trial, which the district court denied. Tritchler appeals.

II.

Fed. R. Civ. P. 37(c)(1) provides that a party who fails to provide evidence in discovery "without substantial justification" may be precluded from introducing the evidence at trial. Generally, preclusion is considered a drastic remedy, and it is not imposed unless the party's conduct is in bad faith or callous disregard of the discovery rules. This court reviews the district court's decision on a Rule 37 issue for abuse of discretion. Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir. 1975). "The Rule is flexible in its nature and the [district court] has broad discretion in its choice of the type and degree of the sanctions to be imposed." Id.

Here, the district court shaped its remedy to fit the violation it perceived. The court excluded a document that was not but should have been produced, and it permitted testimony from witnesses whose knowledge of the facts was properly disclosed.

The exhibits sponsored by Bihun also contained the numerical performance ratings. Tritchler objected that these exhibits were derived from the excluded exhibit. The witness then testified that the data came from a "worksheet" he had prepared for Robert Omear, the General Superintendent of the Loveridge mine, at the time of the lay-off. The district court admitted the Bihun exhibits without further inquiry.*

_____

*It could be, though it is not certain from the record, that Bihun's "worksheet" and the excluded exhibit were one and the same. Any error in admitting Bihun's exhibits would nevertheless be clearly harmless. The fact of Tritchler's dismal performance was properly (and abundantly) in evidence, and it is that fact -- be it expressed orally, on a chalkboard, or on a "worksheet" -- that sinks Tritchler's case.

4

The district court did not abuse its broad discretion.

III.

For the first time on appeal, Tritchler suggests that Consol's discarding of the original performance evaluations constituted "destruction of evidence." We do not ordinarily consider arguments not raised below.

Because of the seriousness of the charge, however, we must note that there is no support for it in the record. Consol did not destroy "evidence." It destroyed its own business records pursuant to a routine schedule. The 1991 Loveridge evaluation forms were discarded before this case was filed. As far as we are aware, employers have no duty to even evaluate employees, let alone maintain records of the evaluations for some lengthy period for the convenience of prospective litigators.

The jury decided that Tritchler was not laid off on account of age or disability discrimination. Its findings are supported by an abundance of evidence, and the district court's challenged rulings were not an abuse of discretion. The judgment of the district court is affirmed.

AFFIRMED

5