**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AMERICAN RECOVERY CORPORATION,
Plaintiff-Appellee,

v.

LOOPER, REED, MARK AND MCGRAW,
INCORPORATED; DONALD R. LOOPER,
Defendants-Appellants,

No. 97-2622

and

RICHARD V. SECORD; COMPUTERIZED
THERMAL IMAGING, INCORPORATED;
DAVID B. JOHNSTON; FLUOR DANIEL,
INCORPORATED,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CA-95-1323)

Submitted: September 15, 1998

Decided: October 5, 1998

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert C. Gill, Lynn M. Jordan, SLAVIT & GILL, P.C., Washington,
D.C., for Appellants. Arthur W. Tifford, Lawrence R. Metsch, Miami,

Florida; Edward T. Waters, FELDESMAN, TUCKER, LEIFER, FIDELL & BANK, L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Looper, Reed, Mark & McGraw, Inc. (LRMM), and Donald R. Looper appeal from the district court's denial of their motion for sanctions against American Recovery Corporation (ARC). We affirm.

The background facts of this case are fully set forth in our earlier opinion in American Recovery Corporation v. Computerized Thermal Imaging, Inc., 96 F.3d 88 (4th Cir. 1996). After the arbitrator's award in favor of Computerized Thermal Imaging (CTI), ARC elected to continue with its suit against Defendants LRMM and Looper. The district court granted Defendants' motion for summary judgment, but denied Defendants' motion for sanctions. Defendants appeal the district court's denial of their motion for sanctions.

The district court did not abuse its discretion by denying Defendants' motion for sanctions under Fed. R. Civ. P. 37. See Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir. 1975). Many of the requests for admissions which LRMM complains of call for legal conclusions, which ARC reasonably replied that it could neither admit or deny. One of the requests which LRMM contends ARC unreasonably denied was actually not denied by ARC; rather, ARC clarified and explained its position as to that point. Thus, even assuming that ARC later "prevailed" on these matters, "the true test under Rule 37(c) is not whether a party prevailed . . . but whether he acted reasonably in believing that he might prevail." Fed. R. Civ. P. 37(c) cmt.

Likewise, the district court did not abuse its discretion in denying Defendants' motion to impose sanctions under Fed. R. Civ. P. 11(b),

2

28 U.S.C. § 1927 (1994), or the court's inherent authority. <u>See</u> <u>Brubaker v. Richmond</u>, 943 F.2d 1363, 1374 (4th Cir. 1991). ARC's argument that the arbitrator's award should not be given preclusive effect was not unreasonable. Whether LRMM breached its fiduciary duty to ARC by representing an individual ARC director and officer in contract negotiations with CTI is reasonably viewed as a separate issue from whether the individual director himself usurped a corporate opportunity of ARC or whether CTI breached the consulting agreement. Accordingly, it was not unreasonable for ARC to go forward with the litigation against LRMM.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3